SHIVERS, Chief Judge.
Appellant/defendant, Velester Mathis, appeals the trial court’s order finding three grounds for revoking his probation: possession of cocaine, failure to submit monthly reports to his probation officer, and failure to submit to drug screening. We affirm.
Appellant was arrested on March 27, 1988 for possession of crack cocaine, while on probation stemming from two prior convictions. According to the record, the arrest took place when Officer Richard Rat-cliff of the Tallahassee Police Department observed appellant, from a concealed location and through the use of binoculars, engage in a suspected drug transaction with an unidentified female. Officer Rat-cliff then apprehended the appellant and found him to be in possession of crack cocaine. Prior to the commencement of the violation of probation hearing, appellant’s counsel moved to compel Officer Ratcliff to reveal the exact location from which he observed appellant prior to the arrest. The trial court denied the motion, finding Rat-cliff’s location to be irrelevant.
In his first argument on appeal, appellant contends that the finding of violation of probation was improperly based solely on hearsay evidence of the nature of the substance found in appellant’s possession. Second, appellant contends that the trial court’s denial of his motion to compel Officer Ratcliff's testimony prevented him from fully cross-examining a critical witness as to his ability to observe the acts leading to his arrest, and prevented him from inquiring into the possibility of filing a motion to suppress. Third, appellant points out that the trial court’s written order incorporates two bases for violation of probation which were rejected by the trial court at the hearing.
We find appellant’s first argument to be without merit, as the record on appeal indicates the nature of the substance found in appellant's possession to have been properly established by a combination of both hearsay and non-hearsay evidence at the hearing. Miller v. State, 444 So.2d 523 (Fla. 1st DCA 1984). As to appellant’s second argument, we agree that the trial court erred in denying his motion to compel Officer Ratcliff to reveal the location from which he observed the alleged drug transaction. At the very least, appellant should have been allowed to cross-examine Ratcliff as to his ability to observe the alleged transaction so as to determine whether Ratcliff had probable cause to stop, search, or arrest him. Since the error affects only one of the three grounds on which the trial court based his revocation of probation, however, we find the error to be harmless. Third, we agree with appellant that the trial court’s written order must be corrected to conform to the oral pronouncements made at the violation of probation hearing.
Accordingly, we remand for correction of the written order to conform to the trial court’s oral pronouncements; revocation of probation is affirmed.
ZEHMER and BARFIELD, JJ., concur.