595 So.2d 132 (1992)
Mary JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-3266.
District Court of Appeal of Florida, First District.
February 13, 1992.
*133 Nancy A. Daniels, Public Defender and Phil Patterson, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Virlindia Doss, Asst. Atty. Gen., Tallahassee, for appellee.
ALLEN, Judge.
The appellant appeals her conviction for possession of cocaine, which followed a plea of nolo contendere with express reservation of her right to appeal the denial of a motion to suppress tangible evidence. Two issues are presented for review: (1) whether Officer Ratcliff had probable cause to arrest the appellant, and (2) whether the trial court improperly limited the appellant's cross-examination of Ratcliff at the suppression hearing. Although we determine that the evidence presented at the suppression hearing revealed an adequate basis, if believed, for a finding of probable cause to arrest the appellant, we conclude that the trial court reversibly erred in limiting cross-examination. Accordingly, we reverse the appellant's conviction and sentence, and we remand for further proceedings.
Taken in the light most favorable to the state, the evidence presented at the suppression hearing revealed the following. The appellant was arrested shortly after midnight on July 10, 1990. Prior to the arrest, Officer Ratcliff of the Tallahassee Police Department had taken a position of concealment and observed appellant engage in a suspected drug transaction. Shortly after observing the suspected drug *134 transaction, Officer Ratcliff, along with another Tallahassee police officer, placed the appellant under arrest. When she was arrested, the appellant had cocaine in her possession.
During cross-examination of Officer Ratcliff at the hearing on the appellant's motion to suppress the cocaine, defense counsel asked where the officer was located when he observed the appellant's actions. The state raised an objection to this question. Defense counsel argued that effective cross-examination, by which counsel hoped to challenge the officer's ability to see the activities leading to appellant's arrest, required disclosure of the officer's point of observation. The trial court ruled that the officer could be questioned regarding his ability to see, but determined that the officer's location was not relevant.
First, we reject the appellant's argument that the evidence presented at the suppression hearing, even when viewed in the light most favorable to the state, failed to reveal a basis for a finding of probable cause to arrest the appellant. Officer Ratcliff's testimony about the appellant's actions just prior to her arrest revealed an adequate basis for the trial court to find that Ratcliff reasonably believed that the appellant had committed a felony.
Turning to the second issue, we observe that we previously decided this issue in Mathis v. State, 545 So.2d 483 (Fla. 1st DCA 1989). Mathis concerned an arrest for possession of crack cocaine effected by the same officer involved in this case, who, as in the instant case, observed the accused from a concealed location. Just as in this case, after observing Mathis engage in a suspected drug transaction, Officer Ratcliff arrested Mathis and found him to be in possession of cocaine. The trial court denied the defense counsel's motion to compel Officer Ratcliff to reveal the location from which he made his observations, finding, as did the trial judge in this case, that the officer's location was irrelevant. We determined that the trial court erred in denying the motion to compel the officer to reveal the location from which he observed the alleged drug transaction. Because Mathis is controlling precedent, and because it was rightly decided, we follow it in holding the limitation of cross-examination herein to be error.
The threshold test for admissibility of evidence elicited on cross-examination is relevance, and the controlling provisions of the Florida Evidence Code are sections 90.401 through 90.403, Florida Statutes. There are two forms of relevancy: logical and legal. Blanco v. State, 452 So.2d 520, 523 (Fla. 1984), cert. denied, 469 U.S. 1181, 105 S.Ct. 940, 83 L.Ed.2d 953 (1985); Brown v. State, 426 So.2d 76, 88 (Fla. 1st DCA 1983). The relevancy of a fact to the issue being tried is ordinarily a question of logic, rather than one of law. Logically relevant evidence is "evidence tending to prove or disprove a material fact." Section 90.401, Florida Statutes. Because Ratcliff's testimony as to his observations of the appellant's actions was the crucial evidence establishing probable cause for the appellant's arrest, the reliability of his observations was of critical importance. Accordingly, his testimony as to the location from which he made the observations was material and logically relevant.
As noted in Brown, logically relevant evidence "may yet be inadmissible if it is not legally relevant." Section 90.403 sets forth the test for legal relevance, providing that "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence." However, none of these circumstances were present in the case before us, so the testimony was legally relevant under 90.403.
Because the testimony was relevant, Ratcliff should have been required to reveal the location from which he made his observations, unless such testimony was barred by some privilege, constitutional right, statute or rule. See State v. Williams, 417 So.2d 755 (Fla. 5th DCA 1982); section 90.402, Florida Statutes ("All relevant evidence is admissible, except as provided by law"); Ehrhardt, Florida Evidence *135 § 402.1 (2d edition 1984). See also section 90.501, Florida Statutes (providing that no person has a privilege to refuse to disclose any matter, except as otherwise provided by Florida statute or by constitutional interpretation); Girardeau v. State, 403 So.2d 513 (Fla. 1st DCA 1981); and Ehrhardt, Florida Evidence § 501.1 (2d edition 1984).
The only reasons given for barring the testimony were (1) preserving the secrecy of the observation point for purposes of other investigations, and (2) protecting Ratcliff's safety, should he use the same observation point in the future. These reasons are not recognized by any privilege, constitutional right, statute or rule. Accordingly, the evidence was not exempt from disclosure.
The foregoing analysis reveals the admissibility of the evidence under the provisions of the Florida Evidence Code. There is, however, an even more fundamental basis for the admission of the evidence.
Long before the enactment of the Florida Evidence Code, case law forcefully acknowledged the constitutional right of a defendant in a criminal case to fully cross-examine a prosecution witness as to transactions and events about which the witness had testified during direct examination. In Coco v. State, 62 So.2d 892 (Fla. 1953), the court said,
It is too well settled to need citation to authority that a fair and full cross-examination of a witness upon the subjects opened by the direct examination is an absolute right, as distinguished from a privilege, which must always be accorded to the person against whom the witness is called * * * Cross-examination of a witness upon the subjects covered in his direct examination is an invaluable right and when it is denied to him it cannot be said that such ruling does not constitute harmful and fatal error. Moreover, the right to cross-examination stems from the constitutional guaranty that an accused person shall have the right to be confronted by his accusers.
Coco v. State, 62 So.2d at 894-895 (emphasis supplied). The court then quoted the following language with approval:
* * * it is error for the trial court to refuse to permit the cross-examination to extend to all matters germane to the direct examination, for such a cross-examination is a matter of absolute right and is not a mere privilege. * * * if a question is within the scope of direct examination it is not objectionable on cross-examination because it tends to establish a defense to the action.
* * * when the direct examination opens a general subject, the cross-examination may go into any phase, and may not be restricted to mere parts which constitute a unity, or to the specific facts developed by the direct examination. Cross-examination should always be allowed relative to the details of an event or transaction a portion only of which has been testified to on direct examination. As has been stated, cross-examination is not confined to the identical details testified to in chief, but extends to its entire subject matter, and to all matters that may modify, supplement, contradict, rebut or make clearer the facts testified to in chief by the witness on cross-examination.
Coco v. State, 62 So.2d at 895, quoting 58 Am.Jur. Witnesses § 629 at 350 and § 632 at 352 (1948). See also Coxwell v. State, 361 So.2d 148 (Fla. 1978) (discussing "the expansive perimeters of subject matter relevance which the constitutional guarantee of cross-examination must accommodate to retain vitality").
The testimony which the appellant tried to elicit related directly to the transaction, event, and subject which the witness had testified to on direct examination by the prosecutor. Therefore, in addition to her right to offer the evidence under the evidence code, the appellant also had a constitutional right to conduct the examination and receive answers to her questions.
Because constitutional error is present, the state, as the beneficiary of the error, has the burden of proving beyond a reasonable doubt that the error did not contribute *136 to the conviction. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986). The state makes no argument that any error in this case is harmless. Therefore, we cannot view the error as harmless. See Perkins v. State, 585 So.2d 390 (Fla. 1st DCA 1991) ("We are unable to view this error as harmless, for the state argues only that the court did not err; it does not argue that the error was harmless and thus has not carried its burden"); and Taylor v. State, 557 So.2d 138, 144 (Fla. 1st DCA 1990).
The appellant's conviction and sentence are reversed and this cause is remanded to the trial court for a new suppression hearing or for other proceedings consistent with this opinion.
JOANOS, C.J., concurs.
BOOTH, J., dissents.