ZEHMER, Judge.
A.E. appeals a final order adjudicating him a delinquent child based on his possession of a controlled substance. Citing to Johnson v. State, 595 So.2d 132 (Fla. 1st DCA 1992), A.E. argues that the circuit court reversibly erred in denying his motion to compel discovery and limiting his examination of witnesses regarding the concealed location of the participating officer who claimed to have seen A.E. possess a bag containing illicit drugs. The state argues that this issue was not preserved for appellate review because A.E. sought to obtain this information only in pretrial proceedings under the rules of discovery and did not pursue the issue through examination of the officer at the adjudicatory hearing. We reverse and remand for a new hearing.
The record indicates that a month prior to the adjudicatory hearing, A.E. filed a motion to compel discovery, alleging that Officer Ratcliff had testified by deposition that on October 2, 1991, he observed, from a point of concealment, that A.E. placed a brown paper bag on the left-hand side of a “No Trespassing” sign, and that the bag *714 was later retrieved by other officers and found to contain cocaine. However, Officer Ratcliff refused to reveal his point of concealment. A.E. sought to compel Rat-cliff to disclose the location, stating that the information was “critical in preparing the child’s defense since undersigned counsel cannot verify visibility unless the hidden location is disclosed.” At a hearing on this motion, Ratcliff testified that through a pair of binoculars he had observed A.E.’s actions from a “location of concealment” in the 400 block area of North Macomb Street “approximately 150 to 175 foot [sic] away from the front of Frenchtown Wine and Liquors, away from the front of the bar area. There’s a short block of bars there approximately 150 foot [sic] long, and I was directly west of that.” But he refused to reveal the exact point of concealment, stating that he had used the location numerous times as part of ongoing drug investigations in the Frenchtown area and was concerned about his safety and the threat to future investigations if the location was revealed. The judge denied the motion, finding that:
... the disclosure of concealment would hamper on-going drug investigations and possibly endanger the life of the officer. The Court is concerned that even an in-camera disclosure would be inappropriate since the disclosure would be available through the record....
Just prior to the adjudicatory hearing, A.E. renewed his motion to compel Ratcliff and another officer, Officer Williams, to disclose the concealed location, and proffered the testimony of Officer Williams wherein Williams also refused to reveal the location. After listening to the officer’s testimony and the parties’ argument on the motion, the circuit court denied the motion, but assured A.E.’s attorney that the issue was preserved. The parties then presented their evidence in the evidentiary hearing, and at the close of the evidence, A.E.’s attorney again renewed the motion to compel disclosure of the location, arguing that this information was critical to the defense because Officer Ratcliff’s testimony during the hearing relating his distance from the sign had changed significantly from his pretrial testimony. Again, however, the court denied the motion.[1] The court entered an order adjudicating A.E. delinquent for committing the charged offense and committed him to the custody of the Department of Health and Rehabilitative Services.
The foregoing description of the record belies the state’s argument that the issue raised by A.E. on this appeal was not preserved for appellate review. At the motion hearing held just prior to receiving evidence in the adjudicatory hearing, when A.E.’s attorney renewed the motion to compel the officers to disclose the concealed location, the circuit court denied the motion with assurance to counsel that the issue was preserved. In light of this assurance, the defense was not required to engage in a vain attempt to elicit this information from the officer to further preserve this issue for appellate review. See Brown v. State, 206 So.2d 377 (Fla.1968) (“A lawyer is not required to pursue a completely useless course when the judge has announced in advance that it will be fruitless.”). Moreover, when the taking of evidence was completed, A.E.’s counsel again renewed the request to compel the testifying officer to disclose his location, but the court denied the motion.
A.E.’s right to have the officer disclose his location under the circumstances shown is controlled by our recent decision in Johnson, wherein the same officer refused to disclose the concealed location from which he claimed to have observed the defendant engage in a suspected drug transaction. In Johnson, we held that the trial court erred in refusing to compel Rat-cliff to reveal the location from which he observed the alleged drug transaction, stating:
... Because Ratcliff’s testimony as to his observations of the appellant’s actions was crucial evidence establishing probable cause for the appellant’s arrest, *715 the reliability of his observations was of critical importance. * * *
Because the testimony was relevant, Ratcliff should have been required to reveal the location from which he made his observation, unless such testimony was barred by some privilege, constitutional right, statute or rule. [Citations omitted].
The only reasons given for barring the testimony were (1) preserving the secrecy of the observation point for purposes of other investigations, and (2) protecting Ratcliffs safety, should he use the same observation point in the future. These reasons are not recognized by any privilege, constitutional right, statute or rule. Accordingly, the evidence was not exempt from disclosure.
595 So.2d at 134-35. Likewise, A.E. was similarly impeded in presenting a defense to the charges in this case by the circuit court’s rulings under review.
The state argues that any error in the circuit court’s ruling was harmless because the error did not affect the ability of the defense to prepare for cross-examination at trial and the trial transcript shows that there was no injury. A.E. counters with the argument that defense counsel was unable to develop whether or not Officer Ratcliff could in fact observe the spot he claims to have seen A.E. place the bag. Whether or not A.E. was prejudiced by the appealed rulings cannot be determined from the record before us because the circuit court refused to allow disclosure of the concealed position. Thus, we cannot treat the erroneous rulings as harmless error because the state cannot carry its burden on this issue. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Accordingly A.E.’s conviction must be reversed and the cause remanded for a new hearing.
REVERSED AND REMANDED.
SMITH and WEBSTER, JJ., concur.

. Officer Williams did not testify at the adjudicatory hearing.