FARMER, J.
During trial on charges of the sale of cocaine near a school, defendant sought to question one of the police officers involved in the incident as to his location during surveillance of defendant. The state objected and the trial court sustained the objection on the basis of the surveillance location privilege. Because Florida recognizes such a privilege only in unusual circumstances in which the very safety of the witness would be directly compromised by the disclosure, a showing that was not made in this ease, we reverse for a new trial.
At trial the officer testified to surveillance of an intersection with a restaurant on one corner. He described a specialized camera with magnification power that he used to record the events from a distance and explained that it allowed him to view the events as though he were a few feet away. Although he described his location as about “half a block away” from the event, he insisted that he did not want to reveal the precise place of his vantage.
The events he described were simple. A male approached the restaurant on a bicycle and rode into its parking lot, stopping by a fence. Another man, whom the officer identified as defendant, walked over from the restaurant to the man on bicycle, and the two engaged in a brief conversation. Defendant then walked over to a telephone booth also located on the parking lot and placed an object on the bottom ledge in the booth. Defendant left the booth, walked back over to the man on the bicycle, and the two exchanged money. The bicyclist then rode over to the phone booth and retrieved an object, placing it in his right-front pocket. The bicyclist was first arrested and found to possess cocaine. Some 20 minutes after that defendant was arrested and charged with the sale. No cocaine was found on defendant, and there is no mention of marked money, or indeed any money, found on defendant.
We recently confronted a functionally identical claim by a police-officer-witness to refuse disclosure in Judd v. State, 781 So.2d 440 (Fla. 4th DCA 2001). There we began with the strong interest of a defendant to confront the witnesses against him by a full cross examination of relevant evidence. 781 So.2d at 444; see also State v. Hassberger, 350 So.2d 1, 2 (Fla.1977) (“[w]here disclosure of an informer’s identity is relevant and helpful to the defense of an accused, or is essential to a fair determination of the cause, the privilege must give way.”). In Judd we held that before the trial court can enforce a privilege of non-disclosure during cross examination, the court must address four elements: (1) the state must demonstrate a threat directed to the informant personally or to the informant’s family; (2) the state must disclose in camera the information sought to be withheld; (3) defendant must be allowed to show any special need for the information requested. 781 So.2d at 444. Only after resolving all doubts in favor of the defendant’s right to confront the witnesses against him, may the judge determine that the concern for the safety of the witness overcomes the defendant’s strong interest in a full cross examination *999 of the witnesses against him. 781 So.2d at 444; see also Hassberger, 350 So.2d at 4-5. Ultimately we held that trial the court erred in limiting a defendant’s cross examination of the officer who witnessed the crime during a surveillance operation from a private residence because the trial court did not apply the proper procedure to determine the nature of the threat to the officer’s personal safety and defendant showed why there was a need for the information by alleging obstruction of view during the surveillance. 781 So.2d at 445-46.
At trial in this case the state witness, the officer who participated in the surveillance and identified the defendant in court, sought to justify the privilege by testifying that: (1) the camera was expensive; (2) because the camera was still being used, disclosing its location would be likely to hamper further criminal investigations- — -if the location of the camera were generally known, police would be hampered in its future use; and (3) disclosing its location, as a general proposition, “would be bad” for future officer safety. He added that the camera was located such that it was not “readily accessible” for him to bring to court. What this latter contention means is unclear. In any event, in view of defendant’s demonstrable need for the information in his cross examination, these reasons clearly fail to provide a proper basis for the trial judge to allow the use of the privilege in this case.
Further because we are unable to say beyond a reasonable doubt that the error did not affect the jury’s determination of guilt, we reverse for a new trial. See Goodwin v. State, 751 So.2d 537 (Fla.1999); Coco v. State, 62 So.2d 892, 894-95 (Fla.1953) (“Cross-examination of a witness upon the subjects covered in his direct examination is an invaluable right and when it is denied to him it cannot be said that such ruling does not constitute harmful and fatal error.”).
GUNTHER and KLEIN, JJ., concur.