WARNER, J.
The state petitions for a writ of certiora-ri to quash an order of the circuit court requiring the state to disclose the specific location and type of surveillance equipment used to observe the drug transaction which is the subject of the underlying criminal prosecution. The state claims a “surveillance location privilege.” However, it acknowledges that we have recently rejected this privilege in Rainner v. State, 801 So.2d 997 (Fla. 4th DCA 2001), which extended the holding of Judd v. State, 781 So.2d 440 (Fla. 4th DCA 2001). Because Rainner is controlling here, we deny the petition.
The state asks us to follow United States v. Van Horn, 789 F.2d 1492, 1507 (11th Cir.1986), which recognized “a qualified government privilege not to disclose sensitive investigative techniques.” That case involved the defendants’ demand to disclose the location of microphones which recorded conversations used to convict the defendants. Instead, a tape of those conversations was made and played at trial.
Van Horn relied on United States v. Harley, 682 F.2d 1018, 1020-21 (D.C.Cir. 1982), which held the government was not required to disclose an officer’s surveillance location in the interest of keeping the location secret, without the defendant showing a need for such information. However, as noted in United States v. Foster, 986 F.2d 541, 543 (D.C.Cir.1993), the jury in Harley was shown a videotape of the transaction, and an officer engaged in the drug transaction identified the defendant. Thus, the officers who shot the video were not considered essential witnesses. Indeed, in Foster, the drug transaction involved was not videotaped, but the government still claimed a surveillance location privilege. The court stated:
Not one of the considerations mentioned in Harley in favor of the privilege is present in this case. Unlike Harley, the witness claiming the privilege was crucial to the prosecution. Without Sergeant Clark’s testimony, .the government’s case against Foster would have collapsed. The more important the witness to the government’s case, the more important the defendant’s right, derived from the Confrontation Clause of the Sixth Amendment, to cross-examine the witness. See Davis v. Alaska, 415 U.S. 308, 319, 94 S.Ct. 1105, 1111, 39 L.Ed.2d 347 (1974).... The defense understandably wanted to cross-examine Clark about his estimate of the distance between him and Foster and the angle of his view and his testimony that nothing blocked his line of sight. Without knowing the location of the observation post, the defense could not effectively probe the officer’s memory or veracity about these subjects. The right of the defense to engage in such lines of inquiry is at the heart of our system of criminal justice. The videotape in Harley preserved the right. See also United States v. Van Horn, 789 F.2d 1492, 1507-08 (11th Cir. 1986). No comparable substitute was available in this case.
It is no answer to say, as the government does, that the defense failed to east substantial doubt on the accuracy of Clark’s testimony. Creating such doubt would have been one of the objectives of cross-examination following revelation of the observation post. The essence of successful cross-examination is in selecting questions that undermine the witness’s version of reality. This is not so much a matter of showing a witness to be lying. An effective trial lawyer can often manage to leave the jury with the *846 impression that the witness is too caught up in his own view, his confusions, his own particular slant on things, that it simply does not matter whether the witness believes his own testimony.
Id. at 543-44.
Were a videotape of the transaction available in this case, there may be reason to permit the government to refuse to disclose the exact location of the equipment. However, none was made. The sole evidence of the crime is the deputy’s testimony. As in Foster, the more essential the witness is to the government’s case, the more important is the defendant’s right of confrontation.
We adhere to Rainner and deny the petition.
GUNTHER and TAYLOR, JJ., concur.