PER CURIAM.
Appellant, Ben Lamont Denson, appeals his convictions and sentences for possession of cocaine with intent to sell or deliver and sale or delivery of cocaine. He argues that the trial court erred in limiting his attorney’s cross-examination of the State’s witnesses regarding the location of the officers during the controlled buy at issue and the secure location used by the officers and the confidential source both before and after the buy. The State acknowledges that Appellant should have been permitted to cross-examine the witnesses as to this information. See A.E. v. State, 599 So.2d 713 (Fla. 1st DCA 1992); Johnson v. State, 595 So.2d 132 (Fla. 1st DCA 1992), disapproved on other grounds, Heuss v. State, 687 So.2d 823 (Fla.1996); see also Rainner v. State, 801 So.2d 997 (Fla. 4th DCA 2001); Judd v. State, 781 So.2d 440 (Fla. 4th DCA 2001).
The State argues, however, that any error in this case was harmless. See Jenkins v. State, 107 So.3d 555, 557 (Fla. 1st DCA 2013) (noting that the harmless error test places the burden on the State to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, in other words, that there is no reasonable possibility that the error contributed to the verdict). We agree. Unlike the situations in the cited cases where the defense was prohibited from cross-examining the witnesses about the locations from where they observed the alleged incidents or transactions, the undisputed evidence in this case established that none of the four officers involved in the operation witnessed the controlled buy from their location. As such, the State is *400 correct that evidence of the secure location and the officers’ location during the controlled buy would not have strengthened Appellant’s defense that the buy was not as controlled as the officers portrayed it to be.
Accordingly, we AFFIRM.
LEWIS, C.J., WOLF and MAKAR, JJ., concur.