Ross H. CARTER, Petitioner,

v.

George S. REGISTER, Judge of the United States District Court for the District of North Dakota, Respondent.

No. 17334.

United States Court of Appeals Eighth Circuit.

April 26, 1963.

Ross H. Carter, Bismarck, N. D., pro se.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Petitioner, an inmate of the North Dakota State Penitentiary, seeks a writ of mandamus to compel respondent to entertain consideration of and grant relief on two applications which he had addressed to respondent as judge in the form of communications. Respondent refused to entertain consideration of the applications on their merits on the ground that he was without jurisdiction to grant the relief sought.

The application of petitioner here will be permitted to be docketed without prepayment of fee, but the request for issuance of a writ against respondent will be denied.

The communications addressed to respondent are, as has been indicated, somewhat informal and unclear, but one of them appears to be an attempt to have the court consider and "render judgment" on a claim for benefits or payments which had been denied by the Veterans' Administration. The other appears to seek to have the court require "R. V. Lee, Major General, U.S.A., The Adjutant General" to sign and cause to be notarized a letter written by him to Congressman Philip J. Philbin, of Massachusetts, which the Congressman had transmitted to petitioner. General Lee's letter contained his stamped instead of written signature. The contents of the letter dealt with the facts underlying petitioner's claim for veterans' disability benefits. Petitioner desired the letter signed and notarized in order, as he says, to be able to use it as a "document of proof" in the judicial challenge which he desired to make to the Veterans' Administration's action on his claim.

Under 38 U.S.C.A. § 211, the decision of the Veterans' Administration on petitioner's claim for benefits or payments is "final and conclusive and no * * * court of the United States shall have power or jurisdiction to review any such decision". Corollarially, and without regard to other grounds which might exist for denial of jurisdiction to compel signing and notarization of the letter on the part of General Lee, there could be no basis for requesting the court to perfect evidence in relation to a suit which there existed no right to bring.

Application for writ denied.