## Richmond

APPALACHIAN POWER COMPANY v. W. H. HAYTER, ET AL.

June 14, 1971.

Record No. 7493.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*Emmitt F. Yeary (John A. Blakemore; Blakemore & Yeary,* on brief), for appellant.

*George M. Warren, Jr. (T. L. Hutton,* on brief), for appellees.

Per Curiam.

In this eminent domain proceeding, Appalachian Power Company, the condemnor, seeks reversal of an award to W. H. Hayter, Virginia G. Hayter, and Lucille Hayter, the landowners.

The first contention of the condemnor is that the trial court erred in overruling its objections to the qualifications of an expert witness presented by the landowners. While the qualifications of

the witness could have been more fully detailed, it was shown that he lived in Abingdon, a short distance from the land involved; that he was in the business of building homes; that he had recently bought and sold land in the area; and that he was the owner of a subdivision and familiar with land development costs.

We cannot say, given the circumstances of this case, that the trial court erred in allowing the witness to give his opinion as an expert, for as we said in *Whitworth* v. *Highway Commissioner*, 209 Va. 95, 99-100, 161 S.E.2d 698, 702 (1968):

> ". . . A witness is usually permitted to give opinion evidence in condemnation cases, even if he is not an expert in the strict sense, provided he has resided or done business in the general area for a sufficient length of time to enable him to become familiar with the facts upon which the value of the property in controversy depends. . . ."

■ The condemnor's next ground for reversal is that the trial court erred in permitting the landowners' witnesses to testify that the fair market value of the land taken was the aggregate of the individual values of "lots" into which the land, then undeveloped, might be divided. However, the condemnor did not object on that ground in the trial court. The only specific objection to the testimony was that it was improper to state "how many lots" might be derived from a division of the land, a point the condemnor now concedes was proper. So we will not consider the objection which the condemnor untimely seeks to raise on appeal. Rule 1:8, Rules of Court.

■ Finally, the condemnor contends that the award of the commissioners was "arbitrary and capricious." While the award was much more than the valuations given by witnesses for the condemnor, it was considerably less than the estimates of value stated by witnesses for the landowners. There is nothing to show that the commissioners, in making their award, proceeded upon erroneous principles, and the amount awarded is not so excessive as to indicate that it resulted from prejudice or corruption on their part. Therefore, we cannot disturb the award. *Highway Commissioner* v. *Skillman*, 206 Va. 39, 41-42, 141 S.E.2d 700, 702 (1965).

The judgment of the trial court will be affirmed.

*Affirmed.*