# Richmond

ERNEST SHIFFLETT v. COMMONWEALTH OF VIRGINIA.

March 6, 1972.

Record No. 7782.

Present, Snead, C.J., Carrico, Gordon, Harrison, Cochran and Harman, JJ.

*William A. Young, Jr. (Stephen H. Helvin,* on brief), for plaintiff in error.

*Robert E. Shepherd, Jr., Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

Ernest Shifflett (Shifflett or defendant) was tried by a jury and found guilty of robbery by force. His punishment was fixed by the

verdict at ten years in the penitentiary. We granted a writ of error and supersedeas to the order of the trial court sentencing the defendant on this verdict.

The defendant's assignments of error present the following questions:

1. Whether statements made by the victim, while in a semi-conscious state, were properly admissible into evidence as part of the *res gestae;*

2. Whether the trial court abused its discretion by allowing a witness to relate his experience in a robbery totally unrelated to the one under consideration; and

3. Whether the verdict should have been set aside because of improper argument by the Commonwealth's Attorney?

Our holding on the *res gestae* question requires a brief recital of the evidence.

On the evening of May 5, 1970, at approximately 9:45 p.m., William B. Birckhead (Birckhead) was found severely beaten in an alleyway near 9th and East Market Streets in Charlottesville. Birckhead, who had admittedly taken "a couple of drinks of gin," remembers leaving his apartment to walk to a nearby restaurant. His next recollection was awakening the next day in the hospital in "pretty bad shape." When he left his apartment he was carrying his wallet which contained $36.00 and was wearing a wristwatch. His wallet and wristwatch were missing when he awoke in the hosiptal.

Arnold Fox (Fox) and Reva Jane Putnam (Reva) were proceeding in Fox's car on 9th Street on the night in question. Both knew Birckhead and the defendant.

Fox testified that he saw the defendant, Birckhead and an unidentified man walking on the sidewalk. Birckhead appeared to be so drunk that he "couldn't hardly stand up." As the automobile approached, according to Fox, Birckhead walked off the sidewalk and "almost stepped in front of the car." Fox observed that the defendant had Birckhead by the arm.

Reva, who did not see the third man, stated that Birckhead and the defendant were in the process of crossing the street when Fox blew his horn. According to her the defendant then "grabbed Mr. Birckhead out of the way so he wouldn't get hit."

Elmo Londeree, who was driving his car along 9th Street at ap-

proximately 9:30 the same night, observed three men coming around a corner. He stated that he saw the defendant, with whom he was well acquainted, throw a man who looked "drunk" up against a wall and then begin to beat him.

Shortly thereafter Charles Whitley (Whitley) met Shifflett in an alley in the vicinity. Shifflett was walking away from the area where Whitley later saw Birckhead lying on the ground bleeding. Whitley upon seeing Birckhead became frightened and retreated into a nearby restaurant. From the restaurant window he observed that Shifflett had returned to where Birckhead was lying. He then saw Shifflett turn Birckhead over and search his back pocket.

The defendant argues that the trial court erred in failing to exclude testimony of Officers Davis and Jackson about statements made by Birckhead while in a semi-conscious state at the scene when the officers arrived shortly after 9:45. The statements were murmurings made by Birckhead to the investigating officers that he had been robbed. Officer Davis, a former rescue squad member, described Birckhead "as being unconscious or at the very most semiconscious."

It is the Commonwealth's position that these extra-judicial statements were admissible as falling under the *res gestae* exception to the hearsay rule. It relies on the fact that the statements were made within a short time after the robbery.

■ We find it unnecessary to determine whether such statements were admissible because no prejudice to Shifflett resulted from their admission.

Birckhead's murmurings to Officers Davis and Johnson that he had been robbed in no way implicated the defendant as the robber. The corpus delicti of the robbery and the defendant's guilt were conclusively established by the other evidence. The record shows that Shifflett had a fair trial and we find no prejudice to him by the admission of the contested statements. Code § 8-487 (8); *Lewis* v. *Commonwealth*, 209 Va. 602, 166 S.E.2d 248 (1969); *Barber* v. *Commonwealth*, 206 Va. 421 S.E.2d 484 (1965).

■ The second question to be decided is whether the trial court erred in failing to exclude certain testimony by Whitley of his experience as the victim of a robbery totally unrelated to the robbery under consideration. Whitley was suffering from a "nerve condition" which had previously required extended treatment and hospitalization at Western State Hospital. The trial court, in overruling the defendant's objection to the relevancy of this testimony, stated that such a line

of questioning was proper "in view of the circumstances and the manner of testifying."

In Virginia great discretion is given to the trial court in the manner of examining witnesses. *Butler* v. *Parrocha*, 186 Va. 426, 433, 43 S.E.2d 1, 5 (1947). We find that such discretion has not been abused here. The testimony was relevant because it was admitted in explanation of Whitley's behavior on the night of the robbery and of his appearance and demeanor on the witness stand.

█ Additionally, the defendant contends that it was error to admit such testimony because it was prejudical and enabled the Commonwealth to strengthen the credibility of its witness before his credibility had been put in issue. Since only the relevancy of the testimony was objected to, we will not consider the objections which the defendant now seeks to raise for the first time on appeal. *Appalachian Power Co.* v. *Hayter*, 212 Va. 11, 181 S.E.2d 615 (1971); Rule 1:8, Rules of Court.

Finally, the defendant contends that the trial court should have set aside the jury verdict because of improper closing argument by the Commonwealth's Attorney. Since no objection to the argument was made until after the jury returned its verdict, this contention must fail. If there is prompt objection the effect of improper argument may usually be removed. Failure to make timely objection ordinarily constitutes a waiver. Counsel cannot remain silent and wait until after the jury has returned its verdict to make objection. *Russo* v. *Commonwealth*, 207 Va. 251, 148 S.E.2d 820 (1966).

*Affirmed.*