197 N.J. Super. 548 (1984)
485 A.2d 354
STATE OF NEW JERSEY
v.
ROBERT SCHLANGER, DEFENDANT.
Superior Court of New Jersey, Law Division Union County.
Decided October 15, 1984.
*550 Walter Krako, Deputy Attorney General for the State (Irwin I. Kimmelman, Attorney General, Attorney).
Joseph A. Hayden, Jr. for defendant (Hayden and Perle, attorneys).
WOLIN, J.S.C.
The issue presented to this Court is whether defense counsel may in the presence of the jury ask a witness proffered by the State if his income tax returns filed for the operative years of an unlawful conspiracy[1] accurately and completely reflect all of his income, knowing that the witness will exercise his Fifth Amendment privilege and refuse to answer this particular question. In determining the answer to this question it is important to note that the witness is an unsentenced accomplice who, through a plea bargain, has agreed to testify for the State against a codefendant. There is no New Jersey case dealing directly with the resolution of this seemingly simple but rather complex evidential problem.
This Court is currently engaged in the trial of the above captioned matter. At its very outset a subpoena duces tecum was served by the defense on Angel Tejero, a codefendant, to produce several items before this Court including his personal income tax returns for the calendar years 1978 through 1983. They were produced and at a preliminary hearing Tejero indicated that if asked questions about his tax returns he would exercise his Fifth Amendment privilege. The Court directed *551 the delivery of the tax returns to the Court for in camera inspection and reserved all questions pertaining to his invoking the Fifth Amendment to a later stage in the proceedings. The trial has now advanced to that stage and it is the opinion of the Court that such an inquiry is precluded by Evid.Rule 55 and therefore does not require the exercise of Tejero's Fifth Amendment privilege in the presence of the jury.
Evid.Rule 55 provides:
Subject to Rule 47, evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his disposition to commit crime or civil wrong as the basis for an inference that he committed a crime or civil wrong on another specified occasion but, subject to Rule 48, such evidence is admissible to prove some other fact in issue including motive, intent, plan, knowledge, identity, or absence of mistake or accident.
It is subject to Evid.Rule 47 which provides:
Subject to Rules 48 and 55, a trait of character offered for the purpose of drawing inferences as to the conduct of a person on a specified occasion may be proved only by: (a) testimony in the form of opinion, (b) evidence of reputation, or (c) evidence of conviction of a crime which tends to prove the trait. Specific instances of conduct not the subject of a conviction of a crime shall be inadmissible. In a criminal proceeding, evidence offered by the prosecution of a trait of character of the defendant on trial may be admitted only if the judge has admitted evidence of good character offered by the defendant. Character evidence offered by the defendant may not be excluded under Rule 4. The credibility of a character witness testifying on behalf of the defendant may not be impaired by an inquiry into his knowledge of the defendant's alleged criminal conduct not evidenced by a conviction.
Both of these rules are made subject to each other. The commentary to the Rules of Evidence describes their interrelationship as complex. Evid.R. 55 is a rule of exception and prohibits evidence that a person committed a crime on another occasion unless such evidence is relevant to prove some other fact in issue. Under Evid.R. 47 specific act evidence may not be admitted as proof of character unless the specific acts were the subject of a conviction for a crime tending to prove the character trait related to the case. Yet evidence barred under Evid.R. 47 may be admissible under Evid.R. 55 if it proves some other fact in issue. Further, specific instances of conduct offered to impeach the credibility of a witness should be excluded *552 under Evid.R. 22(d) where their proffer is intended only to discredit the witness by demonstration of his "bad character."[2] Surely from an analysis of these rules if such evidence is offered for some other articulable reason, it should be admitted unless excludable under another rule. State v. Coruzzi, 189 N.J. Super. 273, 306-307 (App.Div. 1983). The commentary to Evid.R. 55 at page 332, states:
It has been said other crime evidence should be admitted only where it has real legal relevance to the action independent from its tendency to show a particular person to be generally disposed toward wrongdoing. Because of the tendency of the evidence to be highly prejudicial, great care should be taken by the trial judge before admitting it.
While perhaps this admonition's primary focus is directed toward a defendant in the ordinary criminal trial, its lucid rationale is not misspent through application in the context of the current proceedings.
The defense contends that its inquiry as to what income was included in the witness' tax returns for the subpoenaed calendar years should be permitted to demonstrate the witness' bias in testifying for the State or, alternatively, if that request is denied, the witness should be directed to invoke his Fifth Amendment privilege in the presence of the jury. State v. Zwillman, 112 N.J. Super. 6, 19 (App.Div. 1970). This request must be balanced by the court within the anatomy of a fair and impartial trial to both the defendant and the State of New Jersey.
At the outset it is apparent to the Court that the inquiry is not truly directed to the issue of bias, subjective or otherwise despite counsel's protestation, since the conditions of the plea bargain will be set forth before the jury and fully explored. Nothing in the plea bargain immunizes this witness from prosecution for tax evasion on either the state or federal level and *553 those crimes would not fall under the jurisdiction of the same prosecuting authorities from whom the witness may expect leniency. State v. Zwillman, supra. Also, see United States v. Lowell, 490 F. Supp. 897, affirmed 649 F.2d 950 (3 Cir.1980). He has a personal privilege not to incriminate himself and need not be disparaged in front of the jury because of its exercise as to some collateral matter truly not in issue nor relevant to these proceedings. This is not the type of situation encompassed in the rationale of State v. Jennings, 126 N.J. Super. 70 (App.Div. 1972), and State v. Jamison, 64 N.J. 363 (1974), where a witness should exercise his privilege in the presence of the jury and assert the basis for his invoking the amendment. There witnesses possessed knowledge pertaining to the material elements of the crimes charged and the court was not concerned with evidence both irrelevant and collateral.
This inquiry further is not a classic confrontation between the defendant's Sixth Amendment rights and the witness' Fifth Amendment privilege. A court should exercise caution and restraint in precipitating a constitutional confrontation where, by the employment of local rules, it need not rise to that dimension and may be avoided. As Justice Clifford states in State v. Saunders, 75 N.J. 200, 229-230 (1977):
First, there is the sound, oft-expressed principle that constitutional questions should not be reached and resolved unless absolutely imperative in the disposition of the litigation. While the adjudicative process admits of few unyielding rules, this maxim comes as close as any to being absolute.... Inasmuch as there may be another, nonconstitutional basis for decision, we should heed that admonition and defer addressing the constitutional question here. [Id. at 229-230 (Clifford, J., dissenting) (citations omitted).]
While it is certain that a defendant has a Sixth Amendment right to confrontation and cross examination it is also true that a valid assertion of a witness' Fifth Amendment privilege justifies a refusal to testify despite the defendant's Sixth Amendment rights. United States v. Goodwin, 625 F.2d 693, 700 (5 Cir.1980); United States v. Fricke, 684 F.2d 1126, 1130 (5 Cir.1982); United States v. Newman, 490 F.2d 139 (3 Cir.1974); United States v. Kimble, 719 F.2d 1253 (5 Cir.1984); *554 United States v. Cardillo, 316 F.2d 606 (2 Cir.1963). Here the Court is not restricting defendant's cross examination save in this one area and this restraint falls within the discretionary authority of the Court. State v. Zwillman, supra. A similar inquiry in United States v. Hartley, 678 F.2d 961, 981 (11 Cir.1982), sustained the witness' exercise of the Fifth Amendment privilege in response to the same question.
Clearly, under our rules of evidence as above cited, the inquiry is impermissible, collateral and irrelevant.[3] Its utterance is calculated to degrade the testimony of a State's witness over matters not in issue and violates the mutuality of the Court's obligation to insure a fair and impartial trial to all concerned. Unlike Hartley, supra, our rules of evidence prohibit this inquiry on a non-constitutional basis and thereby eliminate the necessity of the witness' exercise of his Fifth Amendment privilege in the presence of the jury. Counsel for the defendant is directed not to engage in this line of questioning. By this ruling the Court is confident that the defendant will not be deprived of his right to fully test the truth of the witness' direct testimony.
NOTES
[1] The unlawful conspiracy pertains to theft by deception from the Allstate Insurance Company and other insurance companies in an amount in excess of $1,000,000 arising from staged accidents, false claimants and exaggerated medical bills.
[2] Evid.R. 22(d)  As affecting the credibility of a witness evidence of specific instances of his conduct, relevant only as tending to prove a trait of his character, shall be inadmissible.
[3] The Court was also aware of its discretionary authority under Evid.R. 4 but chose to decide this issue on other applicable rules.