LAWRENCE IRVING

v.

COMMONWEALTH OF VIRGINIA

No. 0440-90-2

Decided December 17, 1991*

---

* Petition for rehearing granted January 27, 1992.

COUNSEL

Stefan M. Calos (Vergara & Associates, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BENTON, J.**—Lawrence Irving was acquitted by a jury on one charge of distributing cocaine and was convicted on the second charge. He contends on this appeal that the trial judge erred by (1) admitting into evidence a "mug shot" which suggested a prior criminal history, (2) infringing upon his sixth amendment right to show a witness's bias through cross-examination, and (3) allowing the Commonwealth's Attorney to argue in closing facts not in evidence. For the reasons that follow, we reverse the conviction.

The evidence established that an undercover officer, who sought to buy cocaine from a person named Henry Cat Pettaway, gave money one night to a man named Russell to purchase crack cocaine. Russell, in turn, gave the money to another man who went into a building and returned with crack cocaine. The officer conversed for a few minutes with the man after he delivered the cocaine to Russell. The officer testified that he received the cocaine from Russell and secured it as evidence.

At some point during the following weeks, the same man who had sold the cocaine to Russell was introduced to the officer as "C.C." Two months following the initial purchase through Russell, the officer made a purchase of cocaine one night directly

from the man known to him as "C.C." and secured the purchase as evidence. The officer testified that both his initial purchase through Russell and his direct purchase from "C.C." occurred at night in areas illuminated only by street lights.

After the first buy, but before the second, the undercover officer met with Detective Kenneth Bage and examined an array of forty photographs. The officer was looking for anyone he might have dealt with in the undercover operation. In going through the photographs, the officer testified that he recognized Irving's photograph to be the man known to him as "C.C."[1]

Detective Bage received the cocaine from the undercover officer and testified concerning the chain of possession of the cocaine. He also corroborated the undercover officer's testimony concerning the identification of Irving from the photographic array. During Bage's testimony, the Commonwealth offered as an exhibit the photograph of Irving that the undercover officer selected.[2] The photograph is a standard police photograph commonly referred to as a "mug shot." It shows Irving in two poses, both of which contain the following legend:

> Bureau of Police
> Hopewell, VA
> 07009 09-02-88

---

[1] On two occasions, the officer began to testify that he had seen Irving on several occasions after he encountered Irving with Russell. The defense objected. On the first occasion, the prosecution agreed to put off the testimony until rebuttal. On the second occasion, the trial judge sustained the objection. In closing argument, however, the Commonwealth's attorney stated that the undercover officer had seen Irving "on numerous occasions." Defense counsel objected, stating that testimony had been objected to and sustained. The trial judge disagreed and allowed the argument.

[2] During cross-examination, Bage admitted that on a previous occasion Irving and his brother acted as informants in a case in which Bage was attempting to arrest "a well-known drug dealer from out-of-town." The trial judge refused to let defense counsel pursue that line of cross-examination. Defense counsel observed that Bage admitted inserting Irving's picture in the stack of photographs that the undercover officer examined and proffered that the excluded evidence would prove Bage held a grudge against Irving and his brother because of a failed drug bust. The defense stated that this evidence was necessary to prove bias. As a means of proffering the excluded evidence, the defense counsel examined Bage and the two brothers out of the jury's presence. The trial judge ruled that this evidence was irrelevant.

Irving's counsel objected to the photograph on the ground of relevance. Upon the Commonwealth's assertion that the photograph was offered to corroborate the officer's testimony, the trial judge overruled the objection and admitted the photograph.

At the conclusion of all the evidence, the jury convicted Irving of distributing cocaine on only one of the two occasions charged in the indictment.

██ The use at trial of "mug shot" photographs of an accused has the tendency to prove at once that the depicted individual has committed other crimes and is a person of bad character. "Generally, evidence of the commission of other crimes or offenses is inadmissible in a criminal prosecution." *Rider v. Commonwealth,* 8 Va. App. 595, 597, 383 S.E.2d 25, 26 (1989). It is also firmly established that "[t]he Commonwealth is not permitted to introduce evidence of the [accused's] bad character unless the accused has first offered evidence of his good character, thus placing his character into issue." *Fields v. Commonwealth,* 2 Va. App. 300, 305-06, 343 S.E.2d 379, 382 (1986). By putting in evidence the "mug shot" photograph, the Commonwealth placed before the jury the natural and unavoidable inference that Irving had a prior criminal history. Further, because Irving did not put his good character at issue, the Commonwealth, through the "mug shot" photographs, put into evidence proof of Irving's bad character, a fact that was not properly provable at that time.[3]

██ In *Johnson v. Commonwealth,* 2 Va. App. 447, 345 S.E.2d 303 (1986), this Court held that reversible error occurs when "mug shot" photographs admitted into evidence do not meet the following conditions:

(1) The Government must have a demonstrable need to introduce the photographs;
(2) The photographs themselves, if shown to the jury, must not imply that the defendant has a prior criminal record; and
(3) The manner of introduction at trial must be such that it does not draw particular attention to the source or implications of the photographs.

---

[3] Irving did not testify before the jury in his own defense and never put his character at issue. His testimony was placed in the record outside of the presence of the jury only to preserve a proper proffer of excluded testimony.

*Id.* at 454, 345 S.E.2d at 307. None of the necessary conditions were met at this trial.

■ The Commonwealth contends that Irving's objection at trial to the "mug shot" photograph — that it was irrelevant — was legally incorrect.

Strictly speaking, evidence is relevant if it tends to establish the proposition for which it is offered. If it has any probative value, however slight - i.e., if it has any tendency whatsoever to prove or disprove the point upon which it is introduced - it is relevant. This does not necessarily mean, however, that the evidence is therefore admissible. In fact, it is not admissible unless it tends to prove a matter which is properly at issue in the case. Matters which have no logical bearing upon the case are said to be immaterial, and evidence tending to prove an immaterial matter is not admissible.

C. Friend, *The Law of Evidence in Virginia* § 134 (3d ed. 1988). The term "legal relevance," however, is often used to describe the process of determining that the probative value of evidence outweighs the prejudice and harm that will result if the evidence is admitted. *Id.*; E. Cleary, *McCormick on Evidence* § 185 (3d ed. 1984). Furthermore, it has been recognized that a relevancy objection is sufficient to encompass the prejudicial effect of proving the means of the prior extrajudicial identification.

Upon objections of relevancy and hearsay to evidence of prior extrajudicial identification, the courts have considered the reliability of the means of the prior identification, the fairness of the manner in which those means were used, the existence of any prejudicial effect, the purpose for which the evidence is introduced (i.e., as substantive evidence or merely as corroborative of a witness sought to be impeached), and whether the witness testifying is the same person who made the prior identification or merely an observer of it.

*United States v. Reed*, 376 F.2d 226, 229 n.3 (7th Cir. 1967), *cert. denied*, 393 U.S. 984 (1968) (citations omitted).

Because the use of "mug shot" photographs is prejudicial to an accused's right to a fair trial, we do not believe that the most severe and restrictive view must be taken of the stated objection.

To state that the photographs were irrelevant is not so remote or obscure as to deflect attention from the photographs' facial prejudice. The prejudice to Irving clearly outweighed the slight probative value of the corroboration. Accordingly, we hold that the objection was sufficient to preserve the issue for appeal and conclude that the admission of the photographs was reversible error.

The remaining issues that are raised on this appeal relate to the evidentiary circumstances then existing at trial. Because those circumstances are not certain to be repeated in the same context in which they occurred at the first trial, a discussion of those issues will not be fruitful at this time. For the reason stated, we reverse the conviction and remand for a new trial.

*Reversed and remanded.*

Elder, J., concurred.

Baker, J., dissenting.

I respectfully disagree with the majority. I am of opinion that an objection on relevancy should not be broadened to include any correct objection that might have been made. Relevancy and prejudice are not synonymous terms. For that reason, I would hold that appellant did not preserve his objection for appeal and would affirm the judgment of the trial court.