## Richmond

LAWRENCE IRVING

v.

COMMONWEALTH OF VIRGINIA

No. 0440-90-2

Decided September 29, 1992

COUNSEL

Stefan M. Calos (Vergara & Associates, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—A panel of this Court in an opinion, *Irving v. Commonwealth*, 13 Va. App. 414, 412 S.E.2d 712 (1991), reversed and remanded the conviction of Lawrence Irving (appellant), holding that "the use of the 'mug shot' photographs is *prejudicial* to an accused's right to a fair trial." (emphasis added).

A dissenting opinion was filed with the panel decision. We granted the Commonwealth's petition for a rehearing *en banc*.

## I. THE PHOTOGRAPH

State Trooper Cox, working under the supervision of Hopewell Police Sergeant Bage, purchased cocaine from appellant. Bage was not involved in the transaction. The target drug dealer was not appellant. Bage knew appellant and placed his police record photograph (mug shot) among forty others and showed them to Cox, who selected appellant's picture as the person who sold the drugs to him. When cross-examining Cox, appellant attempted to cast doubt on Cox's ability to make the photo line-up identification. The Commonwealth offered the mug shot as evidence to corroborate Cox's testimony. Appellant's only objection to its admissibility was as follows: "I'm objecting to the *relevance* of it." (emphasis added). On appeal, appellant argues that the picture was inadmissible because it showed he may have been guilty of "other crimes" and because it was prejudicial. These arguments were not made to the trial court. Thus, by an evenly divided Court, we affirm the ruling of the trial court admitting evidence concerning the photographic identification because appellant did not state in the trial court his reason for objection with the specificity required by Rule 5A:18, and the ends of justice do not require reversal. *See also Branch v. Commonwealth*, 225 Va. 91, 96, 300 S.E.2d 758, 760 (1983).

## II. BIAS

The record supports the trial court's finding that when Cox was afforded the opportunity to purchase cocaine from appellant, Cox had targeted another drug dealer, not appellant. Bage was not involved in that transaction. Appellant attempted to show that Bage was biased toward appellant and to that end asked Bage a series of questions irrelevant to the issue. The trial court sustained objections to those questions; however, when told by appellant that he intended to show Bage had targeted appellant, the trial court permitted appellant to ask

Bage what control and/or direction he gave Cox. The trial judge said that depending on Bage's answers, appellant might be permitted to pursue the matter further. When Bage denied giving any order "to pick on the defendant" and admitted inserting appellant's picture among the forty pictures reviewed by Cox, appellant made no further effort to develop his theory. We find no error in the trial court's rulings related to the alleged bias issue.

## III. CLOSING ARGUMENT

Appellant further argues that the trial court erroneously permitted the prosecutor to argue that Cox had seen appellant on a number of occasions and, therefore, was able to identify appellant as the criminal agent. Appellant asserts that the record did not contain facts upon which that argument properly could be made. The record discloses that between October 25 and December 29, Cox saw appellant "on several occasions." The trial judge confirmed that he did not sustain an objection to that testimony when asked in a different form after a leading question objection previously had been sustained. The trial court did not err in refusing to sustain appellant's objection made during the Commonwealth's argument.

For the reasons stated, the judgment of the trial court is affirmed.

*Affirmed.*

Duff, J.,* Moon, J., Willis, J., and Bray, J., concurred.

Benton, J., with whom Koontz, C.J., Barrow, J., and Elder, J., join dissenting. Coleman, J., joins in Part I of the dissent.

### I.

The trial court admitted a police record "mug shot" of Lawrence Irving in contravention of the decision in *Johnson v. Commonwealth*, 2 Va. App. 447, 345 S.E.2d 303 (1986). The majority's order states that the ruling is affirmed by "[a]n evenly divided Court . . . because appellant did not state in the trial court his reason for objection with the specificity required by Rule 5A:18." However, the record is clear that at trial Irving's counsel specifically objected to the admissibility of the mug shot, stating "I'm objecting to the relevance of it." That objection was specific and accurate. The majority's order also states

---

* Judge Duff participated in the hearing and decision of this case prior to the effective date of his retirement on September 1, 1992 and thereafter by designation pursuant to Code § 17-116.01.

that the argument Irving's counsel made to this Court is different than the objection stated at trial. However, at pages eight through eleven of "Answering Brief of Appellant Upon Rehearing En Banc," Irving argues that a relevance objection was appropriate to oppose admission of a photograph that prejudicially proved other crimes. *See Appendix.*

Invoking the bar of procedural default, five judges of this Court have apparently determined that counsel's objection in the trial court that the photograph was not relevant was not the appropriate objection. However, the term "relevance" is used to encompass the concept of weighing the probative value of evidence against the risk of unfair prejudice.

> There are two forms of relevancy: logical and legal. The relevancy of a fact to the issue being tried is ordinarily a question of logic, rather than one of law. Logically relevant evidence is "evidence tending to prove or disprove a material fact." Section 90.401, Florida Statutes.

> [L]ogically relevant evidence "may yet be inadmissible if it is not *legally* relevant." Section 90.403 sets forth the test for legal relevance, providing that "[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence."

*Johnson v. State*, 595 So. 2d 132, 134 (Fla. Dist. Ct. App. 1992) (citation omitted). The case law in many jurisdictions demonstrates the continuing viability of that usage. *See State v. Sladek*, 835 S.W.2d 308, 314, (Mo. 1992) (en banc); *Johnson v. State*, 595 So. 2d 132, 132 (Fla. Dist. Ct. App. 1992); *People v. Engelman*, 434 Mich. 204, 213 n.16, 453 N.W.2d 656, 661 n.16 (1990); *State v. Bradford*, 56 Wash. App. 464, 467, 783 P.2d 1133, 1135 (1989); *Byrd v. United States*, 551 A.2d 96, 100 (D.C. 1988), *cert. denied*, 493 U.S. 968 (1989); *State v. Catsam*, 148 Vt. 366, 534 A.2d 184, 189 (1987); *Rawlings v. State*, 740 P.2d 153, 161 (Okla. Crim. App. 1987); *Mobley v. General Motors Corp.*, 482 So. 2d 1056, 1062 (La. Ct. App. 1986); *Sanderson v. Steve Snyder Enters., Inc.*, 196 Conn. 134, 145 n.8, 491 A.2d 389, 395 n.8 (1985); *State v. Schlanger*, 197 N.J. Super. 548, 485 A.2d 354, 356 (1984); *Hinds v. State*, 469 N.E.2d 31, 38 (Ind. Ct. App. 1984); *Good v. A. B. Chance Co.*, 39 Colo. App. 70, 75, 565 P.2d 217, 221 (1977). *See also* Edward W. Cleary, *McCormick's Handbook of the Law on Evidence* § 185 (3d ed. 1984).

Some federal courts also use legal relevance to describe the process by which the probative value of the evidence is weighed against the danger of unfair prejudice and determined to be admissible. *See Brumley Estate v. Iowa Beef Processors, Inc.*, 704 F.2d 1351, 1356 (5th Cir. 1983), *cert. denied*, 465 U.S. 1028 (1984); *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1347 (5th Cir. 1978); *Post v. United States*, 407 F.2d 319, 323 (D.C. Cir. 1968), *cert. denied*, 393 U.S. 1092 (1969); *United States v. Reed*, 376 F.2d 226, 229 n.3 (7th Cir. 1967), *cert. denied*, 393 U.S. 984 (1968); *Cotton v. United States*, 361 F.2d 673, 676 (8th Cir. 1966); *United States v. Costello*, 221 F.2d 668, 674 (2d Cir. 1955), *aff'd*, 350 U.S. 359 (1956).

Specifically addressing the issue of relevance and the use of photographs, courts have held:

> [t]he admissibility of demonstrative evidence such as photographs is a question of legal *relevance* for the trial court. Photographs are admissible when the probative value is not outweighed by the danger of unfair prejudice to the defendant.

*Diaz v. State*, 728 P.2d 503, 512 (Okla. Crim. App. 1986) (emphasis added). *See also Rawlings*, 740 P.2d at 161.

In *Johnson v. Commonwealth*, 2 Va. App. 447, 345 S.E.2d 303 (1986), this Court adopted an analysis similar to those cases and held that reversible error occurs when "mug shot" photographs admitted into evidence do not meet the following conditions:

> (1) The Government must have a demonstrable need to introduce the photographs;

> (2) The photographs themselves, if shown to the jury, must not imply that the defendant has a prior criminal record; and

> (3) The manner of introduction at trial must be such that it does not draw particular attention to the source or implications of the photographs.

*Id.* at 454, 345 S.E.2d at 307. This Court reviewed cases from several jurisdictions in the *Johnson* opinion and settled upon the standard announced in *United States v. Harrington*, 490 F.2d 487, 494 (2d Cir. 1973), as the criteria to be applied in Virginia to determine the admissibility of "mug shots." Those standards are similar to the criteria used in many of the jurisdictions cited above to determine relevance.

The *Johnson* opinion does not contain a clear, succinct term that should be used to describe the type of objection that this Court expects an attorney to make in order to invoke the analysis required in *Johnson*. The five members of this Court who find that this appeal is procedurally barred invoke the technical definition of a "relevance" objection, a definition limited to whether the evidence tends to establish the likelihood of any fact, no matter how immaterial to the proceedings or how little probative value that information has. However, in *Wright v. Kelly*, 203 Va. 135, 122 S.E.2d 670 (1961), the Supreme Court indicated that whether photographs are prejudicial is simply a component of the trial judge's assessment of relevancy and materiality.

> The determination of the relevancy and materiality of a photograph is left to the sound discretion of the trial judge. Photographs that are calculated to arouse the sympathies or prejudices of the jury are properly excluded, particularly if they are not substantially necessary or instructive to show material facts or conditions.

*Id.* at 141, 122 S.E.2d at 675. Thus, our own case law militates against applying the most severe and restrictive view of the objection Irving's counsel stated at trial. The use of "mug shot" photographs is prejudicial to an accused's right to a fair trial. To state that the photographs were irrelevant is not so remote or obscure as to deflect attention from the photographs' facial prejudice. The prejudice to Irving clearly outweighed the slight probative value of the corroboration the photographs were offered to prove.

The use at trial of "mug shot" photographs of an accused has the tendency to prove at once that the depicted individual has committed other crimes and is a person of bad character. "Generally, evidence of the commission of other crimes or offenses is inadmissible in a criminal prosecution." *Rider v. Commonwealth*, 8 Va. App. 595, 597, 383 S.E.2d 25, 26 (1989). It is also firmly established that "[t]he Commonwealth is not permitted to introduce evidence of the [accused's] bad character unless the accused has first offered evidence of his good character, thus placing his character into issue." *Fields v. Commonwealth*, 2 Va. App. 300, 305-06, 343 S.E.2d 379, 382 (1986). By putting in evidence the "mug shot" photograph, the Commonwealth placed before the jury the natural and unavoidable inference that Irving had a prior criminal history, an irrelevant matter. Further, because Irving did not put his good character at issue, the Commonwealth, through the "mug shot" photographs, put into evidence proof

of Irving's bad character, a fact that was not properly provable at that time. The prejudice that flowed clearly outweighed the probative value of the photographs. Accordingly, I would hold that the objection was sufficient to preserve the issue for appeal, and I would conclude that the admission of the photographs was reversible error.

## II.

"One purpose of cross-examination is to show that a witness is biased and his testimony unreliable because it is induced by considerations of self-interest." *Barker v. Commonwealth*, 230 Va. 370, 376, 337 S.E.2d 729, 733 (1985). "Inquiries of this nature are always relevant, and the factfinder should consider the evidence of bias and motivation in assigning the weight to be accorded to the testimony of the witness." *Speller v. Commonwealth*, 2 Va. App. 437, 443, 345 S.E.2d 542, 546 (1986). Thus, the Supreme Court has "consistently held that the right of an accused to cross-examine prosecution witnesses to show bias or motivation, when not abused, is absolute." *Hewitt v. Commonwealth*, 226 Va. 621, 623, 311 S.E.2d 112, 114 (1984).

During cross-examination, Detective Kenneth Bage admitted that on a previous occasion Irving and his brother acted as informants in a case in which Bage was attempting to arrest "a well-known drug dealer from out-of-town." The trial judge refused to let defense counsel pursue that line of cross-examination. The defense then proffered for the court the evidence it was trying to elicit from Bage and the evidence it would try to elicit from its own witnesses regarding Bage's possible bias.

Irving's counsel avowed that Detective Bage had enlisted Irving and his brother in an attempt to apprehend a drug "king pin" and that through the Irvings' efforts a search warrant for the suspect's residence was obtained. The defense further proffered that a planned raid on the dwelling failed and that the failure angered Bage, who felt that the Irvings had warned the suspect of the pending search. Counsel proffered that as a result of those events, Bage developed a vendetta against the Irvings and suggested to other police officers that the Irvings were distributing cocaine. Bage admitted inserting Irving's picture in the stack of photographs that the undercover officer examined.

Defense counsel proffered that the excluded evidence would prove Bage held a grudge against Irving and his brother because of the failed

drug raid and that Bage wrongly suggested to other officers that Irving was distributing drugs. The defense stated that this evidence was necessary to prove bias. The trial judge ruled that this evidence was irrelevant.

I would hold that the trial judge erred in limiting the scope of the cross-examination of the detective. The inquiries "were appropriate subjects of cross examination to test [Bage's] credibility . . . [and] were relevant to establish . . . possible bias and motive to fabricate." *Barker*, 230 Va. at 376, 337 S.E.2d at 734.

For these reasons, I dissent. I would decide all issues and would reverse the conviction.

## APPENDIX

### EXCERPT FROM IRVING'S ANSWERING BRIEF UPON REHEARING EN BANC

\* \* \* \*

Indeed, the admission into evidence of the mug shot of Irving was tantamount to a declaration to the jury that he had a prior criminal record. Any evidence of a previous conviction of Irving was irrelevant for the purpose of showing commission of the crimes charged in the case at bar. Since Irving did not put his character in issue, evidence of other crimes should only have been admitted into evidence to establish motive, *modus operandi*, common scheme, or the like. *See Sutphin v. Commonwealth*, 1 Va. App. 241, 337 S.E.2d 897 (1984). The Commonwealth failed to establish any exceptions to the general rule excluding evidence of other offenses. The mug shots should not have been admitted into evidence, as they implied that Irving had a prior criminal record, and were therefore irrelevant. Thus, the defense's relevancy objection to the admission of Exhibit 5 was proper. *See, e.g., Woodfin v. Commonwealth*, 236 Va. 89, 372 S.E.2d 377 (1988), *cert. denied*, 490 U.S. 1009 (1989) (proof tending to show an accused committed other crimes at other times is incompetent and inadmissible for the purpose of showing commission of the particular crime charged). Any other objection was unnecessary.

In its Opening Brief on Rehearing En Banc, the Commonwealth relies on several cases to support its argument that Irving's "relevancy" objection to the mug shots was not sufficient. While the Commonwealth is correct that in *Shifflett v. Commonwealth*, 212 Va. 741, 187

S.E.2d 171 (1978), a relevancy objection was insufficient, that case is easily distinguishable from the case at bar. In *Shifflett*, the testimony of a witness' experience as a victim of a totally unrelated robbery *was* relevant because it explained the witness' behavior in the case then pending. In the case at bar, however, Irving's prior criminal record *was not* relevant. Thus, the insufficiency of the relevancy objection in *Shifflett* does not govern the propriety of the relevancy objection here.

Likewise, the other cases cited in the text of the opening brief in support of the Commonwealth's insufficiency of the relevancy objection argument are distinguishable. Indeed, *Branch v. Commonwealth*, 225 Va. 91, 300 S.E.2d 758 (1983), does not even address a relevancy objection, but instead speaks of the insufficiency of hearsay and leading question objections. In addition, *Whitley v. Commonwealth*, 223 Va. 66, 286 S.E.2d 162, *cert. denied*, 459 U.S. 882 (1982), is factually inapposite to the case at bar, as the Virginia Supreme Court found that defendant Whitley, unlike Irving, had shown no prejudice. As this Honorable Court noted in its December 17, 1991 opinion, "legal relevance" describes the process of determining that the probative value of evidence outweighs the prejudice and harm that will result if the evidence is admitted. C. Friend, *The Law of Evidence in Virginia* § 134 (3d ed. 1988); E. Cleary, *McCormick On Evidence* § 185 (3d ed. 1984), and a relevancy objection is sufficient to encompass the prejudicial effect of proving the means of the prior extrajudicial identification. *United States v. Reed*, 376 F.2d 226, 229 n.3 (7th Cir. 1967), *cert. denied*, 393 U.S. 984 (1968) (citation omitted).

Finally, the opinion of the panel of this Honorable Court reversing Irving's conviction is not in conflict with *Deel v. Commonwealth*, No. 1311-90-4 (Va. Ct. App. 1991), as the Commonwealth maintains. *Deel*, too, is easily distinguishable from the case at bar, for two reasons. First, as in *Shifflett, supra*, the testimony (that the defendant Deel had used crack cocaine) *was* relevant, to show motive for burglary and theft. Therefore, the relevancy objection in *Deel* was insufficient. Second, unlike the circumstances in the case at bar, the defendant in *Deel* opened the door to questions concerning his use of crack cocaine. This opening of the door by that defendant, coupled with the relevancy of the testimony, provided the entire rationale for this Honorable Court's affirmation of Deel's conviction. Thus, *Deel* provides no precedent in the case at bar, where the mug shot evidence was not relevant and where Irving in no way opened the door for the admission of such evidence.

Irving's right not to take the stand before the jury in his own de-. fense was substantially destroyed. His past record could not have been directly shown by the Commonwealth as part of its case to prove bad character since Irving's character was not in issue. Exhibit 5 did this indirectly. The introduction of the mug shot into evidence constituted serious prejudice to Irving, vitiating his right to be presumed innocent until proven guilty, and thus deprived him of a fair trial.