COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Frank
Argued by teleconference


RICHARD WILEY GRIFFIN

MEMORANDUM OPINION[*] BY
v.    Record No. 0949-99-2        JUDGE LARRY G. ELDER
APRIL 11, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
George F. Tidey, Judge

(Derek E. Leake; Robert N. Johnson & Anne M.
Johnson, Inc.; Taylor, Taylor & Taylor, Inc.,
on briefs), for appellant.  Appellant
submitting on briefs.

Robert H. Anderson, III, Assistant Attorney
General (Mark L. Earley, Attorney General;
Amy L. Marshall, Assistant Attorney General,
on brief), for appellee.


Richard Wiley Griffin (appellant) appeals from his jury

trial convictions for two counts of abduction for pecuniary

benefit, two counts of using a firearm in the commission of an

abduction, and one count of statutory burglary.  On appeal,

appellant contends the trial court erroneously (1) admitted

evidence of a subsequent robbery committed by Willie Townsend,

an acquaintance of appellant's, and a carbon copy of a check

written by Townsend to appellant and (2) concluded the evidence

was sufficient to prove statutory burglary and abduction with

_____

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

intent to obtain a pecuniary benefit.  We hold that the trial court did not abuse its discretion in admitting the challenged evidence and that the evidence was sufficient to support appellant's convictions.

## I.

## ADMISSIBILITY OF EVIDENCE

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion."  Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).  "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case."  Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993).

### A.  EVIDENCE OF SUBSEQUENT BANK ROBBERY

Appellant contends the trial court erroneously admitted testimony about the subsequent robbery of the bank at which victim Lisa Stewart worked.  At trial, however, appellant objected only to the testimony of Stewart.  He posed no objection to the testimony of Carol Bain, the bank manager on duty at the time of the robbery and the person whose shoe, briefcase and car were taken.  He also posed no objection to the testimony of Investigator Roger Brooks, who responded to the scene of the bank robbery and subsequently found, during a search of Willie Townsend's home, many items taken in the bank robbery.

-

Under Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Appellant failed to object to the testimony of Bain and Brooks regarding the bank robbery, and he does not allege that the good cause or ends of justice exceptions to Rule 5A:18 should be applied here. Therefore, we hold appellant waived his objections to Bain's or Brooks's testimony about the bank robbery on grounds of relevancy or prejudice.

We assume without deciding that appellant's relevancy objection to Stewart's testimony about the bank robbery was sufficient to preserve his contention on appeal that Stewart's testimony was more prejudicial than probative.  See Irving v. Commonwealth, 15 Va. App. 178, 179, 180-83, 422 S.E.2d 471, 472-73, 473-75 (1992) (en banc) (in which Court split evenly on issue of whether a relevancy objection preserves for appeal the argument that evidence is more prejudicial than probative). Nevertheless, we conclude the trial court did not abuse its discretion in admitting the evidence.

> [W]hen relevant evidence is offered which may
> be inflammatory and which may have a tendency
> to prejudice jurors against the defendant,
> its relevancy "must be weighed against the
> tendency of the offered evidence to produce
> passion and prejudice out of proportion to
> its probative value."  The responsibility for

-

> balancing these competing considerations is largely within the sound discretion of the trial judge. And a trial court's discretionary ruling will not be disturbed on appeal absent a clear abuse of discretion.

Coe v. Commonwealth, 231 Va. 83, 87, 340 S.E.2d 820, 823 (1986) (citations omitted).

Evidence of other bad acts or crimes is not admissible merely to show a defendant's predisposition to commit such acts or crimes. See, e.g., Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). However, "'if such evidence tends to prove any other relevant fact of the offense charged, and is otherwise admissible, it will not be excluded merely because it also shows him to have been guilty of another crime.'" Williams v. Commonwealth, 203 Va. 837, 841, 127 S.E.2d 423, 426 (1962).

> Where a course of criminal conduct is continuous and interwoven, consisting of a series of related crimes, the perpetrator has no right to have the evidence "sanitized" so as to deny the jury knowledge of all but the immediate crime for which he is on trial. The fact-finder is entitled to all of the relevant and connected facts, including those which followed the commission of the crime on trial, as well as those which preceded it; even though they may show the defendant guilty of other offenses. Evidence of such connected criminal conduct is often relevant to show motive, method, and intent.

Scott v. Commonwealth, 228 Va. 519, 526-27, 323 S.E.2d 572, 577 (1984) (citations omitted) (emphasis added).

Here, the evidence of the bank robbery was relevant to the issue of appellant's motive and intent in abducting Stewart and

-

her roommate, Pamela Wingfield, on January 12, 1993.  Although no direct evidence linked appellant to the bank robbery, appellant and Townsend were neighbors and business associates, and circumstantial evidence permitted the inference that appellant entered the victims' apartment to obtain the bank key in order to facilitate the bank robbery.  Therefore, the evidence was admissible unless its probative value was outweighed by its prejudicial effect.  Here, in order to prove appellant's guilt under Code § 18.2-48, the Commonwealth was required to prove that appellant's abduction of Stewart and Wingfield was with the intent to obtain a pecuniary benefit.  Because the probative value of the bank robbery evidence in reference to appellant's intent in committing the abduction was so high, we hold the trial court did not abuse its discretion in holding its probative value outweighed any prejudicial effect.

### B.  CARBON COPY OF CHECK

Appellant also contends the trial court erroneously admitted the carbon copy of a check for $125 allegedly written by Townsend to appellant because it was irrelevant, immaterial and prejudicial.  Under the standards set out above, we disagree.  At a minimum, the carbon copy, which was found in Townsend's apartment along with a box of business cards bearing appellant's name, was both relevant and material to corroborate appellant's earlier statement that he and Townsend knew each other and had a business relationship.  Appellant's contentions

-

that the check was more prejudicial than probative because the Commonwealth did not prove that the check was delivered to appellant or that it was for appellant's alleged assistance regarding the bank robbery were not dispositive of its admissibility. These were matters appropriate for argument to the jury regarding the weight to be given the check and were not dispositive of its admissibility. Therefore, we hold the trial court did not abuse its discretion in admitting the carbon copy into evidence.

## II.

### SUFFICIENCY OF EVIDENCE

When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). The judgment will not be set aside unless it is plainly wrong or without supporting evidence. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Any element of a crime, including intent, may be proved with circumstantial evidence, see Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), such as a person's conduct and statements, see Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989). "Circumstantial evidence is as competent and is entitled to as much weight as direct

-

evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

## A. ABDUCTION

Appellant contends the evidence was insufficient to support his conviction for abduction under Code § 18.2-48 because it failed to prove he used coercion or that he acted with the intent to gain pecuniary benefit. We hold appellant failed to preserve his objection to the sufficiency of the evidence to prove coercion but that, in any event, the circumstantial evidence was sufficient to establish both of these elements.

### 1. Use of force, intimidation or deception

Appellant's conviction for abduction required proof that he "seize[d], [took], transport[ed], detain[ed] or secrete[d]" Stewart and Wingfield "by force, intimidation or deception." Code §§ 18.2-47, 18.2-48. As cited by appellant on brief, his objection at trial was based only on the insufficiency of the evidence to prove the victims were "sufficiently detained or transported or taken or seized." Appellant did not contend at trial that the evidence of force or intimidation was insufficient. Because appellant failed to object with

-

specificity to the evidence of force or intimidation, we hold that he failed to preserve this objection for appeal.  See Rule 5A:18.

Even if appellant had properly preserved this issue for appeal, the evidence, viewed in the light most favorable to the Commonwealth, supported the jury's finding that appellant used force or intimidation to abduct the women.  Immediately upon entering the women's apartment, appellant locked the door's deadbolt.  A few minutes later, appellant ripped the telephone out of the wall to prevent Wingfield from calling for help, and he pulled out a gun while standing only three or four feet away from them.  While displaying the weapon, appellant said he "didn't want to hurt [them]," "made [them] go in the bathroom," and told them to stay there without making any noise until he said they could come out.  The women did as he said, and while in the bathroom, they were "very" scared.  The only reasonable hypothesis flowing from this evidence is that the women entered the bathroom and remained there for over two hours based on appellant's intimidation and threat to use force if they did not cooperate.

### 2.  Intent to gain pecuniary benefit

The term "pecuniary benefit" means "not only money, but everything that can be valued in money." Krummert v. Commonwealth, 186 Va. 581, 584-85, 43 S.E.2d 831, 832 (1947) (decided under predecessor to current abduction statute).

-

Further, "[t]he statutory element is the intent to extort money or obtain a pecuniary benefit. It is not necessary that the criminal actually succeed in realizing his desired gain." Barnes v. Commonwealth, 234 Va. 130, 137, 360 S.E.2d 196, 201 (1987).

Here, the only reasonable hypothesis flowing from the evidence, viewed in the light most favorable to the Commonwealth, is that appellant abducted Stewart and Wingfield with the intent to obtain a pecuniary benefit. He confined them to their bathroom for over two hours, during which time he moved about their apartment, opening and closing closet doors and cabinets. Appellant told them he was waiting for a friend, and Stewart heard appellant and another person moving through the apartment to the victims' bedrooms. Stewart and Wingfield heard appellant pick up their sets of keys, which included a key to the front door of the bank where Stewart worked and a key to Stewart's boyfriend's car. Appellant carried the keys to the front door of the apartment, which the women heard "opening and closing." When the women inspected their keys shortly after appellant's departure, they discovered that someone had removed from Stewart's key chain and duplicated at least one key, the key to the car owned by Stewart's boyfriend. Finally, the evidence permitted the inference that less than two weeks after the abduction, appellant's "business partner," Willie Townsend,

-

robbed the bank at which Stewart worked, entering through the locked front door without having to pry it open.

Thus, although the evidence supported multiple hypotheses regarding appellant's intent at the time of the abduction, all involved the intent to obtain a pecuniary benefit--by intending to steal something he found while looking through the closets and cabinets, by taking the car operated by the key he duplicated, or by duplicating the key to the bank where Stewart worked in order to rob or facilitate the subsequent bank robbery.  Cf. Ridley v. Commonwealth, 219 Va. 834, 837, 252 S.E.2d 313, 314 (1979) (holding that in the absence of evidence of a contrary intent, the trier of fact may infer that a defendant's unauthorized presence in a house or building of another in the nighttime was with intent to commit larceny).  In light of the above evidence and the absence of any evidence of a prior relationship between appellant and the women or any other motive for their abduction, the trier of fact was entitled to conclude that appellant did not act merely to deprive the victims of their personal liberty in violation only of Code § 18.2-47.  For these reasons, we hold the evidence was sufficient to prove appellant acted with the requisite intent.

## B.  STATUTORY BURGLARY

A conviction for statutory burglary requires proof of an actual or constructive breaking.  See Johnson v. Commonwealth, 221 Va. 872, 876, 275 S.E.2d 592, 594-95 (1981).  "Where entry

-

is gained by threats, fraud or conspiracy, a constructive breaking is deemed to have occurred." Jones v. Commonwealth, 3 Va. App. 295, 299, 349 S.E.2d 414, 416-17 (1986).

Appellant contends the evidence was insufficient to establish a constructive breaking through fraud because it did not exclude the hypothesis that he was a plumber with a legitimate reason for entering the apartment and that he formed the intent to abduct the women only after entering.  The evidence, viewed in the light most favorable to the Commonwealth, does not support this hypothesis.  Appellant said he was a plumber but entered the apartment without tools and locked the deadbolt immediately after gaining entry.  Although he ran water in the bathroom after entering, he immediately began to look around the apartment and pulled a gun on the victims when they asked him to wait outside.  The only reasonable hypothesis flowing from the evidence under the facts of this case is that appellant brought the gun, rather than any plumbing tools, with him into the apartment because he intended to abduct its occupants and that he had no legitimate reason for entering.

### III.

### CONCLUSION

For these reasons, we hold the trial court did not abuse its discretion in admitting evidence of the bank robbery committed by Willie Townsend and a carbon copy of a check

-

purportedly written by Townsend to appellant.  We also conclude the evidence was sufficient to prove the contested elements of abduction and statutory burglary.  Therefore, we affirm appellant's convictions.

<u>Affirmed.</u>

-