COURT OF APPEALS OF VIRGINIA

Present:  Judges Elder, Bray and Annunziata
Argued at Richmond, Virginia


ALONZO L. WILLIAMS

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2258-01-2       JUDGE ROSEMARIE ANNUNZIATA
                                         MAY 21, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
Robert G. O'Hara, Jr., Judge

Steven Brent Novey (Tomko & Novey, on brief),
for appellant.

Michael T. Judge, Assistant Attorney General
(Randolph A. Beales, Attorney General, on
brief), for appellee.


Alonzo Williams was convicted by a jury for forcible sodomy
of a child under the age of thirteen.  The jury set his sentence
at life in prison.  Williams moved to set aside the sentence on
the ground that the prosecutor's argument at sentencing was
prejudicial.  The trial court heard argument on the motion,
denied it, and sentenced Williams to life in prison.  Williams
appeals that sentence.  For the reasons that follow, we affirm.

## Background

Viewed in the light most favorable to the Commonwealth, the
party prevailing below, the evidence proved that, on May 19,

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

2000, Williams entered the bedroom of his eleven-year-old daughter and orally sodomized her.  See Burlile v. Commonwealth, 32 Va. App. 796, 798, 531 S.E.2d 26, 27 (2000).  The jury found Williams guilty beyond a reasonable doubt.

Testifying in his own behalf, Williams admitted that he had been convicted of two prior felonies and three misdemeanors.  At sentencing, the Commonwealth introduced evidence of two prior convictions.  One of the convictions was for attempted aggravated sexual battery of a four-year-old child.  Williams introduced no evidence.  The prosecutor's argument to the jury at sentencing was as follows:

> We've all done a days [sic] work today.  The Court will present you when you leave with two copies of the defendant's prior criminal record.  I tell you now that one of them is a prior aggravated sexual battery, against a four year-old.  I'm going to keep it very brief and very easy.  You've done the hard part as far as I'm concerned today.  You have a range of five years to life.  It's a huge sentence one way or the other.  Five years is a long time.  Life is a long time.  My question to you is, I'm going to turn the tables around and ask you a question.  When do you want to let this defendant out so he can live next to you, to your family, to your daughter, to your sister, to your mother, to anyone that you don't want sexually abused?  He's done it twice, to children.  All I'm asking you is when do you want him to come out and live next to you?  Thank you.

Defense counsel did not object to any portion of this argument or move for a mistrial.  Instead, he made his own closing argument to the jury.  He argued that it was the jury's

-

"job" to determine what part of the five to life range of punishment he deserved and pointed out several facts in mitigation, including the fact that the prior similar offense had been committed 11 years earlier and that he would be at least 60 years old before he could be paroled.  He concluded by asking the jury to give Williams a sentence that the jury thought was "just," within the range of punishment.  The jury returned a sentence of life in prison.

Williams filed a motion to set aside the jury sentence based on his claim that the prosecutor's argument was improper and prejudicial.  After considering argument and briefs, the trial court overruled the motion and sentenced Williams to life in prison.

## Analysis

Williams claims that his case should be remanded for resentencing on the ground that the prosecutor's closing argument at sentencing was improper and prejudicial.  Because this argument is procedurally barred, we will not consider it on appeal.  Rule 5A:18.

"It is well-settled that errors assigned because of a prosecutor's alleged improper comments or conduct during argument will not be considered on appeal unless an accused timely moves for a cautionary instruction or for a mistrial." Cheng v. Commonwealth, 240 Va. 26, 38, 393 S.E.2d 599, 605-06 (1990) (emphasis added); accord Yarbrough v. Commonwealth, 262

-

Va. 388, 396, 551 S.E.2d 306, 311 (2001); Yeatts v.

Commonwealth, 242 Va. 121, 137, 410 S.E.2d 254, 264 (1991);

Shifflett v. Commonwealth, 212 Va. 741, 744, 187 S.E.2d 174, 176

(1972); Russo v. Commonwealth, 207 Va. 251, 257, 148 S.E.2d 820,

825 (1966); Mack v. Commonwealth, 20 Va. App. 5, 7-9, 454 S.E.2d

750, 751-52 (1995). "Making a timely motion for mistrial means

making the motion 'when the objectionable words were spoken.'"

Yeatts, 242 Va. at 137, 410 S.E.2d at 264 (quoting Reid v.

Baumgardner, 217 Va. 769, 774, 232 S.E.2d 778, 781 (1977)).

"Counsel cannot remain silent when improper argument is made and

after the whole argument is concluded and in the absence of the

jury successfully move for a mistrial." See Russo, 207 Va. at

257, 148 S.E.2d at 825. The rationale for this rule is that an

objection to a prosecutor's statements at the time the

objectionable words are spoken allows the trial court to cure

the claimed error with a curative instruction, a remedy that it

cannot effect after the jury has retired. See id.; Craddock v.

Commonwealth, 16 Va. App. 402, 405, 429 S.E.2d 889, 891 (1993)

(considering appellant's objection despite failure to request a

mistrial, because the objection was made before the judge and,

thus, did not require a cautionary instruction).

Moreover, Williams' failure to object to the prosecutor's

argument at the time it was made, or shortly thereafter, does

not come within either the "good cause" or "ends of justice"

exceptions to the contemporaneous objection rule. See M. Morgan

-

<u>Cherry & Assocs. v. Cherry</u>, 37 Va. App. 329, 339-40, 558 S.E.2d 534, 538-39 (2002) (holding that appellant's failure to object was without good cause because he failed to utilize his ample opportunity to object); <u>Brown v. Commonwealth</u>, 8 Va. App. 126, 131, 380 S.E.2d 8, 10 (1989) (noting that the "ends of justice" exception is narrow and to be used sparingly, and requires a determination that the error affected the outcome of the case).

For the foregoing reasons, we affirm Williams' conviction and sentence.

<u>Affirmed.</u>

-