## Richmond

GLENN E. (EDWARD) TUCKER, a/k/a

PHILLIP EDWARD WHITE

v.

COMMONWEALTH OF VIRGINIA

No. 1366-92-2

Decided December 21, 1993

Counsel

Robert P. Geary, for appellant.

Robert B. Condon, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

Opinion

**BARROW, J.**—The defendant appeals his conviction for forging a public record because evidence of another unrelated crime was admitted into evidence at his trial. Evidence of the other crime, grand larceny, did not tend to establish an element of the crime for which he was being tried. Furthermore, to the extent that evidence of the other crime tended to show the defendant's willfulness or motive in forging the public record, its prejudice to the defendant far outweighed its minimal probative value to the Commonwealth because the defendant did not dispute that he had willfully signed a name, other than his own, to the record. Therefore, we hold that evidence of the other crime should have been redacted from the document before the trial court admitted the document into evidence.

The defendant identified himself falsely when arrested for grand larceny and attempting to purchase cocaine. He first told the arresting officer he was "Phillip White." Later, at the police headquarters, when he was processed, he said that his name was "Phillip Edward White." He then signed a Central Criminal Records Exchange (CCRE) form as "Phillip White." A later computer check of his fingerprints revealed that he was not Phillip Edward White. He had, instead, previously been fingerprinted under nine names, one of which was Glenn E. Tucker. On the basis of his false signature on the CCRE form relat-

ing to grand larceny, he was indicted for forging a public record, in violation of Code § 18.2-168.

At trial, the defendant moved to exclude evidence of the nature of the other charge, i.e., grand larceny, for which he had been arrested. The trial court's denial of that motion is the subject of this appeal.

■ The rule excluding other crimes evidence is deeply rooted in Virginia common law. *Kirkpatrick v. Commonwealth,* 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). *See also Boyd v. Commonwealth,* 156 Va. 934, 943-44, 157 S.E. 546, 549 (1931); *Sutphin v. Commonwealth,* 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985). The purpose of the exclusion of other crimes evidence is to protect the accused "against unfair prejudice resulting from the consideration of prior criminal conduct in determining guilt." *Sutphin,* 1 Va. App. at 245, 337 S.E.2d at 899 (citing *Fleenor v. Commonwealth,* 200 Va. 270, 274-75, 105 S.E.2d 160, 163 (1958)).

■ The many exceptions to the rule are as well established as the rule itself. *Kirkpatrick,* 211 Va. at 272, 176 S.E.2d at 805. Specifically, other crimes evidence is admissible where it shows the conduct and feeling of an accused toward his victim or establishes their prior relations; where it proves motive or opportunity to commit the crime charged; where it proves an element in the *actus reus* of the crime charged; where it proves intent or guilty knowledge on the part of the accused, or negates good faith or the possibility of mistake or accident; where it proves the identity of the accused as the one who committed the crime charged by showing criminal acts so distinct as to indicate a *modus operandi*; and where it demonstrates a common scheme or plan of which the crime charged is part. *See Kirkpatrick,* 211 Va. at 272, 176 S.E.2d at 805; *Boyd,* 156 Va. at 944, 157 S.E. at 549-50; *Sutphin,* 1 Va. App. at 245-46, 337 S.E.2d at 899-900. In general, other crimes evidence "must be relevant to an issue or element in the present case" in order to be admissible. *Sutphin,* 1 Va. App. at 245, 337 S.E.2d at 899.

■ In addition, other crimes evidence is admissible where it "is connected with or leads up to the offense for which the accused is on trial." *Kirkpatrick,* 211 Va. at 272, 176 S.E.2d at 805. "[I]t may be necessary to allow evidence of other crimes when it is so intimately connected and blended with facts proving the commission of the offense charged that it cannot be separated with propriety." *Sutphin,* 1 Va. App. at 246, 337 S.E.2d at 899. *See also Timmons v.*

*Commonwealth,* 204 Va. 205, 215, 129 S.E.2d 697, 704 (1963); *Compton v. Commonwealth,* 190 Va. 48, 55, 55 S.E.2d 446, 449 (1949); *Huffman v. Commonwealth,* 168 Va. 668, 683-84, 190 S.E. 265, 272 (1937); *Colvin v. Commonwealth,* 147 Va. 663, 669-70, 137 S.E. 476, 478 (1927). Under this exception, the issue is not the relevance of the other crimes evidence but its separability from otherwise relevant and admissible evidence. Unless the unredacted CCRE form falls under one or more of the exceptions to the rule, it is inadmissible.

The defendant sought only to exclude the nature of the charge from the jury's consideration. He did not seek to exclude the fact that he was required to sign the form because he was under arrest for the commission of a crime. In fact, even after elimination of the nature of the offense, the CCRE form conveyed this information. He specifically suggested that the nature of the charge could be redacted from the CCRE form before its admission into evidence. The three words on the form - "GRAND LARCENY (AUTO)"- could readily be obscured or obliterated to render them illegible without affecting the evidentiary value of the CCRE form. Thus, the nature of the crime was not inseparable from the proof of the form.

The nature of the crime was not probative of an element of the crime which the Commonwealth was required to prove. Had it been, it would have been admissible. *See Hunter v. Commonwealth,* 15 Va. App. 717, 724 , 427 S.E.2d 197, 202 (1993). The fact that the defendant was originally charged with a felony is not a material element in the offense of forging a public document. The elements of that offense require only that a defendant "forge a public record." *See* Code § 18.2-168. The nature of the crime with which a defendant may be charged is of no significance in determining if he or she has forged a public record in violation of the statute.

Significantly, however, the defendant's willfulness and his motive for forging the CCRE form were not in issue at the trial. The defendant did not challenge the correctness of the Commonwealth's evidence against him. He offered no evidence. Had he done so, the Commonwealth would have had an opportunity to rebut his evidence. The cross examination of the Commonwealth's three witnesses was limited to perfunctory questions that did not dispute their direct testimony. The defendant's sole issue at trial was whether the CCRE form was a "public record."

Thus, even if the Commonwealth was entitled to demonstrate the defendant's willfulness or to show his motive in forging the CCRE form, the slight probative value of nature of the offense would not outweigh its prejudicial effect. The value to the Commonwealth of proving the defendant's willfulness or motive in order to establish that the defendant was the person who signed a name other than his own to the document, a fact that was not contested, was minimal. The prejudice to the defendant — that the jury might consider the nature of an unresolved criminal charge in determining his sentence — however, was great. No instruction was given limiting how the jury could use evidence of the charge of grand larceny. Without such an instruction, we cannot say that the evidence did not impermissibly affect the jury's verdict.

For these reasons, we conclude that the trial court abused its discretion in admitting evidence of the pending charge of grand larceny. The judgment of conviction is, therefore, reversed, and the proceeding is remanded for a new trial.

*Reversed and remanded.*

Benton, J., concurred.

Coleman, J., dissenting.

I respectfully disagree with the majority's holding that the trial judge was required to redact that portion of the forged Central Criminal Records Exchange (CCRE) form that showed the nature of the criminal charge against the defendant. In my opinion, the jury was entitled to know the exact nature of the public document that Tucker forged, the circumstances under which he forged it, and his reason or motive for forging the document. Thus, not only was the document in the precise form in which it was forged relevant and admissible to prove the forgery, it also provided the jury with a meaningful reason why forging such a document is criminal and an understanding why Tucker had forged this document. In fact, had the CCRE form not contained the "GRAND LARCENY" information, in my opinion, the Commonwealth would have been permitted to prove that Tucker was charged with grand larceny and that he forged the CCRE document for the purpose of avoiding discovery of his true identity or of having the charge on his record. In my opinion, that evidence would have been independently relevant to explain why and how the offense occurred. Thus, I am of the opinion that not only was the "GRAND LARCENY" information on the forged document admissible, but the fact that Tucker was charged with grand larceny was independently admissible to prove the reason for his forgery. Accordingly, I dissent.

It is well established that "[e]vidence of other offenses is admitted . . . if it tends to prove any relevant element of the offense charged. Such evidence is permissible in cases where the motive . . . of the accused is involved, or where the evidence is connected with or leads up to the offense for which the accused is on trial." *Kirkpatrick v. Commonwealth,* 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970). Although specific intent is not an element of the crime of forging a public document, *Campbell v. Commonwealth,* 246 Va. 174, 179, 431 S.E.2d 648, 651 (1993), a person's motive or reason for committing a crime can generally be shown in order to explain why the offense was committed. *See Williams v. Commonwealth,* 208 Va. 724, 730, 160 S.E.2d 781, 785, *cert denied,* 393 U.S. 1006 (1968). *See also Ferrell v. Commonwealth,* 177 Va. 861, 874, 14 S.E.2d 293, 298 (1941). In Tucker's case, not only is the fact that he had been charged with grand larceny relevant to establish his motive, the fact that he had been charged with grand larceny leads up to and is an integral part of understanding how the forgery offense came about.

The Commonwealth introduced no evidence that Tucker had committed grand larceny or the details of the charged offense. At most, the CCRE form showed only that he had been charged with grand larceny, and that fact gave meaning to the forged document and explained that Tucker had a reason to forge a false name to the form in order to prevent his true identify from being known. Where evidence that an accused has been charged with a criminal offense is "so intimately connected and blended with facts proving the commission of the offense charged that it cannot be separated with propriety," it is admissible. *Sutphin v. Commonwealth,* 1 Va. App. 241, 246, 337 S.E.2d 897, 899 (1985).

The probative value of the evidence in Tucker's case is so essential to an understanding of how and why the forgery occurred that its prejudicial effect does not outweigh the value of such evidence. *Lewis v. Commonwealth,* 225 Va. 497, 502, 303 S.E.2d 890, 893 (1983). Tucker did not forge a sterile, meaningless public document, as he would have the jury infer. If Tucker was concerned that the jury might misunderstand or misuse the evidence to conclude that, because he had been charged with grand larceny, he committed the forgery or he was a bad person, Tucker could have requested a cautionary or limiting instruction. He did not do so. Nevertheless, he was not entitled to prevent the jury from having relevant evidence.