COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Frank and Felton
Argued at Richmond, Virginia


LEONARD RANDOLPH BROWN
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 3489-01-2          JUDGE LARRY G. ELDER
                                         MAY 6, 2003
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Margaret P. Spencer, Judge

            William P. Irwin, V (Bowen, Bryant,
            Champlin & Carr, on brief), for appellant.

            Richard B. Smith, Senior Assistant Attorney
            General (Jerry W. Kilgore, Attorney General,
            on brief), for appellee.


     Leonard Randolph Brown (appellant) appeals from his jury

trial convictions for possession of a firearm by a convicted

felon and possession of a firearm while in possession of

cocaine.[1]  On appeal, he contends the trial court committed

reversible error by admitting evidence of "alleged unadjudicated

criminal acts" involving the sale of drugs.  Assuming without

deciding that appellant preserved this assignment of error for

appeal, we hold the trial court's admission of evidence

---

     [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1] Appellant also was charged with possession of cocaine.  He
pleaded guilty to that offense and does not challenge his
conviction for that offense on appeal.

concerning appellant's prior sale of drugs constituted error. However, we hold that error was harmless and affirm the challenged convictions.

## I.

### BACKGROUND

On April 14, 2000, pursuant to a search warrant, Sergeant Edward Capriglione, Detective Clarence Key, and other officers searched both a particular residence and a "three-walled" shed located in the backyard. In the shed, the police found a handgun and a loaded magazine.

Inside the house, police found appellant and his brother, Carlton Brown (Brown). In a drawer in the desk in appellant's bedroom, police found an ammunition clip that was "exactly the same" as the one in the handgun found in the shed except that one was "a little more worn." In a large stack of papers atop the desk, Sergeant Capriglione found a slip of paper on which was written "Model L380, 380 caliber auto, 443625." Those notations matched the descriptive information contained on the handgun found in the shed. The last number on the piece of paper matched the gun's serial number. Beneath appellant's bed, the police found devices for smoking illegal drugs, which contained cocaine residue. Appellant admitted the cocaine residue was his and said he was a drug user. Appellant's room had an exit to the outside of the house. The only door

-

connecting appellant's room to the rest of the house "ha[d] locks on it from [appellant's] []side."

Police also arrested appellant's brother for possession of a small amount of cocaine and possession of "a syringe, typically associated with heroin use."

When questioned by Detective Key, appellant denied being a dealer but said, "I have dealt to support my habit." Appellant said he did not know how much money he "make[s] selling drugs" but "that he had 20 hits of heroin earlier that day that he sold." Appellant admitted knowing the firearm was in the shed but said it belonged to someone else.

Brown, a convicted felon, testified for the Commonwealth and identified the firearm found in the shed as belonging to appellant. Brown testified that he previously had reported to police that appellant "deal[t] in . . . illegal drug" activity in the house.

Sergeant Capriglione confirmed that Brown had "contacted the police department about a drug complaint" in February 2000. Brown told Capriglione that appellant "was selling drugs out of the residence" and that appellant kept heroin and firearms in the shed behind the house.

Appellant testified and disclaimed ownership of the gun. He said he told Officer Key he thought the gun might belong to someone named Buddy Miller. Appellant was unable to explain how an extra clip for the gun and a piece of paper bearing the gun's

-

model, caliber and serial number came to be present in his bedroom.

## II.

## ANALYSIS

### A.

### PROCEDURAL BAR

The Commonwealth contends appellant's present assignment of error is barred because he objected at trial only on the ground that one portion of the evidence was "[irr]elevan[t]" and that a second portion constituted the Commonwealth's "merely trying to bolster the credibility" of Brown, who testified at trial. It contends neither of these objections covered appellant's present claim that the evidence revealed other crimes and should not have been admitted because it was highly prejudicial.

The Commonwealth relies on Irving v. Commonwealth, 15 Va. App. 178, 422 S.E.2d 471 (1992) (en banc), in which the judgment was affirmed by an evenly divided Court. It is true five judges in Irving took the position that a relevance objection does not preserve for appeal the argument that other crimes evidence was overly prejudicial. Id. at 179, 422 S.E.2d at 472. However, an equal number of judges would have held to the contrary. Id. at 181, 422 S.E.2d at 473-74. A judgment that is affirmed by an evenly divided court carries no precedential value. See Pack v. Commonwealth, 6 Va. App. 434, 435 n.1, 368 S.E.2d 921, 921-22 n.1 (1988). We assume without

-

deciding, for purposes of this opinion only, that appellant's relevance objection was sufficient to preserve for appeal his challenge to Detective Key's testimony that appellant admitted selling heroin and unspecified "drugs" on the day of his arrest and on prior occasions, as well.

We hold, however, that appellant's challenge to Sergeant Capriglione's testimony regarding Brown's prior report to police as "merely trying to bolster [Brown's] credibility" constituted an objection that the testimony was improper rehabilitation. It did not encompass an objection that the testimony was irrelevant "other crimes" evidence or was overly prejudicial. Thus, this objection was insufficient to preserve for appeal appellant's challenge to Sergeant Capriglione's testimony about his February 2000 conversation with Brown.

B.

ADMISSION OF EVIDENCE THAT APPELLANT SOLD DRUGS

Evidence ordinarily is admissible if it "is both material--tending to prove a matter that is properly at issue in the case--and relevant--tending to establish the proposition for which it is offered." Johnson v. Commonwealth, 2 Va. App. 598, 601, 347 S.E.2d 163, 165 (1986). However, evidence of crimes or other bad acts committed by the accused usually is incompetent and inadmissible to prove the accused committed or likely committed the particular crime charged. See, e.g., Guill v. Commonwealth, 255 Va. 134, 138, 495 S.E.2d 489, 491 (1998).

-

This rule "is deeply rooted in Virginia common law," Tucker v. Commonwealth, 17 Va. App. 520, 522, 438 S.E.2d 492, 493 (1993), and exists to prevent "confusion of offenses . . . and a suggestion of 'criminal propensity,' thus preserving the 'presumption of innocence,'" Crump v. Commonwealth, 13 Va. App. 286, 289, 411 S.E.2d 238, 240 (1991) (citations omitted). Such evidence of other acts may be admissible under limited circumstances if (1) it is offered to prove "motive, intent, plan, or scheme, or any other relevant element of the offense on trial," Scott v. Commonwealth, 228 Va. 519, 527, 323 S.E.2d 572, 577 (1984), and (2) its relevance outweighs any prejudicial effect, Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993).

Here, although appellant pleaded guilty to a charge of possessing cocaine, he entered a plea of not guilty to the charge of possessing a firearm while in possession of cocaine in violation of Code § 18.2-308.4. Manifestly, appellant's possession of cocaine was an element of the latter offense. Thus, contrary to appellant's claim on brief that "[t]he only issue before the jury was [appellant's] possession of the firearm," the Commonwealth also was required to prove appellant possessed cocaine, either actually or constructively. "An accused cannot by stipulation limit the Commonwealth's right to prove its case. . . . [T]he Commonwealth was not obliged to have faith that the [fact finder] would be satisfied with any

-

particular one or more of the items of proof.  Therefore, it was entitled to utilize its entire arsenal."  <u>Pittman v. Commonwealth</u>, 17 Va. App. 33, 35, 434 S.E.2d 694, 696 (1993).

Notwithstanding our agreement with the general principle that the Commonwealth was entitled to present all evidence tending to prove that appellant possessed cocaine while he possessed the firearm, the evidence appellant challenges did not, in fact, prove appellant possessed cocaine.  The Commonwealth proved, without objection from appellant, that he possessed cocaine in the form of residue on smoking devices found beneath his bed.  The evidence to which appellant subsequently objected included no testimony that appellant possessed <u>cocaine</u>.  Rather, it referred only to appellant's possession and sale of unspecified "drugs" and "heroin."

> The Supreme Court has been particularly careful to recognize the danger of misusing other crimes evidence in drug-related charges.  Evidence that an accused has committed or has been convicted of other drug-related crimes diverts the fact finder's attention from the facts and charges at issue.  Also, such evidence calls upon an accused to defend himself against crimes not charged in the indictment.

<u>Wilson v. Commonwealth</u>, 16 Va. App. 213, 221, 429 S.E.2d 229, 234 (applying principles in context of error in admitting evidence of prior sale of drugs to prove possession on occasion charged was with intent to distribute), <u>aff'd on reh'g en banc</u>, 17 Va. App. 248, 436 S.E.2d 193 (1993).

-

Applying those principles here, we hold appellant's admissions (1) that he "[had] dealt" unnamed drugs "to support [his] habit" and (2) "that he had 20 hits of heroin . . . he [had] sold" that day prior to the search were both irrelevant and highly prejudicial.  The testimony that appellant admitted possessing and selling unspecified drugs and heroin from the residence was extremely prejudicial and was not "'so intimately connected and blended with the main facts [regarding appellant's possession and use of cocaine] . . . that they [could not] be departed from with propriety.'"  Kirkpatrick v. Commonwealth, 211 Va. 269, 273, 176 S.E.2d 802, 806 (1970) (quoting Walker v. Commonwealth, 28 Va. (1 Leigh) 574, 576 (1829)).

For these reasons, we hold the trial court erred in admitting Detective Key's testimony that appellant admitted possessing and selling unspecified "drugs" and "heroin."

## C.

### HARMLESSNESS OF ERROR

> [N]on-constitutional error is harmless when "[i]t plainly appears from the record and the evidence given at trial that the error did not affect the verdict."  Code § 8.01-678 (emphasis added). . . .  An error does not affect a verdict if a reviewing court can conclude, without usurping the jury's fact-finding function, that had the error not occurred, the verdict would have been the same.

Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc).  Factors relevant in the harmless

-

error inquiry are "the importance of the witness' testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of a witness on material points, . . . [and] the overall strength of the prosecution's case." Maynard v. Commonwealth, 11 Va. App. 437, 448, 399 S.E.2d 635, 641-42 (1990) (en banc) (quoting Delaware v. VanArsdall, 475 U.S. 673, 684, 106 S. Ct. 1431, 1438, 89 L. Ed. 2d 674 (1986)) (applying principles in context of constitutional error).

Here, the improperly admitted evidence was appellant's statement to Detective Key that he had sold heroin and unspecified "drugs" on the day of his arrest and on prior occasions, as well. However, appellant admitted that he possessed cocaine in the form of residue on one or more smoking devices found beneath his bed, and other evidence in the record established that appellant possessed and sold heroin and unspecified drugs. Brown testified that, prior to the search of the house in which he and appellant resided, Brown told Sergeant Capriglione to "talk to [appellant]" about "illegal drug activity in my mother's house." Sergeant Capriglione confirmed Brown reported to police in February 2000--more than six weeks before the search at issue and, therefore, presumably before Brown had any motive to fabricate--that "[appellant] was selling drugs [including heroin] out of the residence . . . where [Brown] lived with his mother and [appellant]."

-

Further, because appellant admitted possessing the cocaine residue found on the smoking devices, the only issue truly in dispute was whether appellant constructively possessed the firearm found in the shed. The Commonwealth's evidence, both direct and circumstantial, proved the gun belonged to appellant. Brown identified the gun as appellant's and told Capriglione in February 2000 that appellant kept guns in the shed. In appellant's bedroom, which had an outside entrance and was connected to the rest of the house by a door that locked from inside appellant's room, police found an extra clip for the gun and a piece of paper bearing the weapon's make, model and serial number. Finally, although appellant claimed the gun belonged to someone else, he admitted knowing it was in the shed.

Thus, the Commonwealth's evidence of guilt was strong, and the admission of appellant's statement to Detective Key that he sold heroin and other drugs was harmless.

### III.

For these reasons, we hold the trial court's admission of the challenged other crimes evidence constituted error but that the error was harmless. Thus, we affirm the challenged convictions.

<u>Affirmed.</u>

-