COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Elder and Alston
Argued at Richmond, Virginia


DAVID GREY JORDAN, JR.

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2689-09-2               JUDGE ROSSIE D. ALSTON, JR.
                                                         APRIL 26, 2011

COMMONWEALTH OF VIRGINIA


                 FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                        Paul M. Peatross, Jr., Judge Designate

           Elizabeth P. Murtagh, Deputy Public Defender (Office of the Public
           Defender, on brief), for appellant.

           Josephine F. Whalen, Assistant Attorney General (Kenneth T.
           Cuccinelli, II, Attorney General; John W. Blanton, Assistant
           Attorney General, on brief), for appellee.


      Following a jury trial, David Grey Jordan, Jr. (appellant) was convicted of stalking, third or

subsequent offense, in violation of Code § 18.2-60.3, and violating a protective order, in violation of

Code § 18.2-60.4.  Appellant contends the trial court erred by instructing the jury that the facts and

circumstances relating to a prior charge, which ultimately resulted in a favorable disposition for

appellant, could be considered as evidence of a common scheme or plan in the prosecution of the

present charge.  For the following reasons, we affirm the judgment of the trial court.

                                    I.  BACKGROUND[1]

      In June 2008, the victim filed a complaint against appellant alleging that he was stalking

her in violation of a protective order.  In December 2008, appellant was charged with stalking,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] As the parties are familiar with the record below, we cite only those facts necessary to the
disposition of the appeal.

third or subsequent offense, in violation of Code § 18.2-60.3, and violation of a protective order, in violation of Code § 18.2-60.4. The indictments alleged that appellant's offenses occurred between March 25, 2008, and July 16, 2008.

During the jury trial for the instant offenses, the victim testified that she was employed at a BP gas station in Albemarle County. She stated that she knew appellant because his fiancée had been her manager at the gas station and appellant visited his fiancée at work.

<u>August 2007 events</u>

Over appellant's objection, the trial court admitted the victim's testimony regarding an event that the victim testified occurred in Fluvanna County in August 2007. The victim testified that on August 11, 2007, appellant called her at work and asked her "to meet him somewhere." The victim told him that she would not meet him and ended the conversation. She said that after leaving work, she observed appellant following her in his car as she drove from her place of employment in Albemarle County to a friend's house in Fluvanna County. She stated that when she reached her friend's house, appellant reached through her car window and "yanked [her] clothes off." The victim further testified that appellant was convicted of "attacking" her in general district court and that ultimately the misdemeanor charge was "dismissed" on appeal to the Fluvanna County Circuit Court.

In the instant matter, defense counsel argued that because the misdemeanor charge was dismissed in the Fluvanna County Circuit Court, the trial court should not consider the victim's testimony regarding August 11, 2007. Defense counsel stated, "We can't go back and re-litigate that case." Defense counsel further argued that because the charge was dismissed, the victim's testimony regarding the Fluvanna County incident was not relevant. In overruling appellant's objection, the trial court stated, "[T]his is evidence as to why [appellant] would know going to the door [in the instant case] would put [the victim] in fear because of what happened

[previously]." The trial court determined that the jury in the instant case was entitled to hear victim's testimony regarding the Fluvanna County incident and weigh her credibility for itself.

In addition, the victim testified that on August 12, 2007, appellant again followed her while she was driving in Albemarle County. With regard to this event, the victim testified that appellant was convicted by the Albemarle County Circuit Court for stalking her on August 12, 2007. The trial court admitted into evidence the conviction order for the August 12, 2007 offense and a related protective order dated October 23, 2007, which forbade appellant from having contact with the victim for two years.

<u>March through July 2008</u>

With regard to the events that occurred between March 25, 2008, and July 16, 2008, the victim testified that at approximately 10:00 a.m. on March 25, 2008, she was alone in the house she shared with her aunt when the doorbell rang. At the time, she was speaking to her friend, Guy Greene, on the telephone. The victim looked out through an upstairs hall window and saw a Ferguson Enterprises pickup truck.[2] Because she was not expecting any visitors or deliveries, she decided not to answer the door. The person continued to ring the doorbell and "bang" on the front door "for awhile [sic]." When the individual turned to leave, she saw that it was appellant.

The victim testified that after appellant came to her home, she observed him multiple times following her as she drove, and he repeatedly called her at work. She stated that she hesitated to report appellant's actions to the police because she believed that without any evidence to confirm her statements, the police would not be able to assist her. During her trial testimony, the victim could not recall every occasion appellant interacted with her, but she was able to testify about a number of specific instances.

---

[2] Appellant testified that he worked for Ferguson Enterprises.

The victim testified that near the end of March 2008, she was riding in her car while a friend drove. She stated that as they drove down Main Street, appellant passed them and "swerved in front of [them] and cut [them] off." She also described an incident on April 29, 2008. She stated that as she was leaving her mother's home in Albemarle County, she noticed a black sports utility vehicle driving behind her. She testified that the vehicle alternated between tailing her vehicle and dropping back. Through her rearview mirror, she could see that appellant was the driver of the sports utility vehicle. The victim became increasingly frightened by appellant's presence and began "running through the rest of the [stop]lights trying to get away." As she drove, the victim called her friend Jesse Matthew on her cell phone and then proceeded to drive directly to Matthew's house. At this point, the victim testified that appellant abandoned his pursuit of her before she reached Matthew's street.

The victim testified that on May 6, 2008, she was stopped at a stoplight in Albemarle County when a white car stopped next to her in the left turn lane. Rather than turning left, the white car moved into the victim's lane, directly behind her vehicle. The victim testified that she believed the white car was swerving to hit her, so she pulled into the right turn lane to avoid a collision. She said that when she looked back at the white car, appellant was driving the white car and laughing.

The victim testified that between March 25, 2008, and July 16, 2008, appellant called her multiple times at work. Appellant never threatened the victim, but the victim testified that she found his telephone calls disturbing. The victim testified that several days after one of the many telephone calls from appellant, she discovered her front driver side tire slashed. After this event, appellant called her at work and asked, "[D]o you think I've been punished enough?" On June 7, 2008, appellant called the victim and made a sexually provocative suggestion. On July 10, 2008, appellant asked the victim if she wanted "to play" and he mentioned a "secret admirer." Finally,

on another unidentified date, appellant called the victim and told her that she did not know how to drive.

In addition to the protective order prohibiting appellant from contacting the victim and the certified copy of a misdemeanor conviction order for stalking the victim, the Commonwealth also submitted into evidence a certified copy of a misdemeanor conviction order, convicting appellant of stalking another woman.

<u>Jury Instruction 9</u>

At the close of all of the evidence, the trial court heard arguments on the proposed jury instructions. When Jury Instruction 9 was presented by the Commonwealth, appellant objected on the grounds that it was a "similar crimes instruction." Appellant maintained that a similar crimes instruction could be provided only when a *modus operandi* existed and there was evidence of a common scheme or plan.[3] The trial court found that the instruction, with slight alterations, was appropriate, and stated:

---

[3] Jury Instruction 9 was based on Model Jury Instruction 2.260, which reads:

> You may consider evidence that the defendant committed [an offense; offenses] other than the offense for which he is on trial only [as evidence of the defendant's motive; as evidence of the defendant's intent; as evidence of the defendant's scheme or plan; as evidence of the defendant's identity; as evidence of the defendant's knowledge; as evidence of the defendant's conduct and feelings toward the victim and relations between them; as evidence of the defendant's malice; as evidence of the defendant's premeditation; as evidence of the defendant's opportunity; as evidence of the absence of mistake or accident on the part of the defendant; as evidence to negate the defense that the defendant was merely an innocent bystander; as evidence of the unique nature of the method of committing the crime charged] in connection with the offense for which he is on trial and for no other purpose.

It appears from the record that the focus of the appellant's argument at the instruction stage was related to appellant's concern that the proposed instruction was *strictly* a "similar crimes" or "*modus operandi*" instruction and thus should not be read to the jury. On appeal,

- 5 -

Well, the annotation says this instruction is designed to be used only when proof of a prior offense is relevant to prove an element or circumstance of the current offense, so [the Commonwealth's Attorney's] argument is this prior offense would go to show his intent at going to the door, following her in a car, etcetera, so I think it does correctly state that it goes to intent so I'm struggling with motive or evidence of scheme or plan. There is certainly a pattern of conduct of contact according to [the victim]---to the Commonwealth's evidence. Okay, so what I'm going to do is I'm going to give this instruction but I'm striking the last sentence, so I'm going to end it with a period on the third line, defendant's scheme or plan . . . .

Over appellant's objection, the trial court gave amended Jury Instruction 9 to the jury. It read: "You may consider evidence that the defendant committed an offense or offenses other than the offense for which he is on trial as evidence of the defendant's motive or as evidence of the defendant's intent; as evidence of the defendant's scheme or plan[.]"

The jury was further instructed regarding the use of "prior crimes" evidence. Jury Instruction 11 stated, "Evidence that the defendant was previously convicted of a similar offense is not proof that he committed Stalking March 25 through July 16, 2008."

The jury found appellant guilty of stalking, third or subsequent offense, and violating a protective order. This appeal followed.

## II. ANALYSIS

On appeal, appellant argues that the trial court erred in issuing Jury Instruction 9, claiming that the trial court failed to properly instruct the jury of the legitimate and limited purposes for which the evidence was to be considered. He contends that the trial court's stated purpose for allowing the admission of the Fluvanna County incident evidence "was to show why [victim] might be in fear of [appellant]" was in error. In support of this contention, appellant further contends, "There was nothing in this testimony, along with the Fluvanna County case,

_____

appellant maintains more precisely that the language referencing a "common scheme or plan" should not have been included in the instruction.

- 6 -

that demonstrates the actions were part of an idiosyncratic *modus operandi* or a unique common scheme or plan and therefore the instruction should not have been given. Spencer v. Commonwealth, 240 Va. 78, 393 S.E.2d 609 (1990)." Accordingly, appellant asks this Court to remand the case to the trial court for a new trial.

This Court's "'sole responsibility in reviewing [jury instructions] is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises.'" Molina v. Commonwealth, 272 Va. 666, 671, 636 S.E.2d 470, 473 (2006) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982)). Even if "an instruction correctly states the law, if it is not applicable to the facts and circumstances of the case, it should not be given." Hatcher v. Commonwealth, 218 Va. 811, 813-14, 241 S.E.2d 756, 758 (1978) (citing Banner v. Commonwealth, 204 Va. 640, 647, 133 S.E.2d 305, 310 (1963)).

Generally, evidence of other crimes is inadmissible at trial. Tucker v. Commonwealth, 17 Va. App. 520, 522, 438 S.E.2d 492, 493 (1993). This evidence is excluded in order "to protect the accused 'against unfair prejudice resulting from the consideration of prior criminal conduct in determining guilt.'" Id. (quoting Sutphin v. Commonwealth, 1 Va. App. 241, 245, 337 S.E.2d 897, 899 (1985)). However,

> [t]he many exceptions to the rule are as well established as the rule itself. Kirkpatrick [v. Commonwealth], 211 Va. [269,] 272, 176 S.E.2d [176,] 805 [(1970)]. Specifically, other crimes evidence is admissible where it shows the conduct and feeling of an accused toward his victim or establishes their prior relations; where it proves motive or opportunity to commit the crime charged; where it proves an element in the *actus reus* of the crime charged; where it proves intent or guilty knowledge on the part of the accused, or negates good faith or the possibility of mistake or accident; where it proves the identity of the accused as the one who committed the crime charged by showing criminal acts so distinct as to indicate a *modus operandi*; and where it demonstrates a common scheme or plan of which the crime charged is part. See Kirkpatrick, 211 Va. at 272, 176 S.E.2d at 805; Boyd [v. Commonwealth], 156 Va. [934,] 944, 157 S.E.2d [546,] 549-50 [(1931)]; Sutphin, 1 Va. App. at 245-46, 337 S.E.2d at 899-900. In general, other crimes

> evidence "must be relevant to an issue or element in the present case" in order to be admissible. Sutphin, 1 Va. App. at 245, 337 S.E.2d at 899.

Id. Additionally, "[e]vidence of other crimes is admissible if it tends to prove any fact in issue, even though it also tends to show the defendant guilty of another crime." Spencer, 240 Va. at 89, 393 S.E.2d at 616 (citing Woodfin v. Commonwealth, 236 Va. 89, 95, 372 S.E.2d 377, 380-81 (1988); Scott v. Commonwealth, 228 Va. 519, 527, 323 S.E.2d 572, 577 (1984)). Finally, "it is largely within the discretion of the trial court to determine '[w]hether evidence is so remote that it lacks probative value.'" Collins v. Commonwealth, 226 Va. 223, 230, 307 S.E.2d 884, 889 (1983) (quoting Bunch v. Commonwealth, 225 Va. 423, 438, 304 S.E.2d 271, 279 (1983); citing Gibson v. Commonwealth, 216 Va. 412, 415-16, 219 S.E.2d 845, 848 (1975); Brown v. Commonwealth, 208 Va. 512, 516-17, 158 S.E.2d 663, 667-68 (1968)).

Here, appellant was convicted of stalking, third or subsequent conviction, under Code § 18.2-60.3, which states in pertinent part:

> A. Any person . . . who on more than one occasion engages in conduct directed at another person with the intent to place, or *when he knows or reasonably should know* that the conduct places that other person in reasonable fear of death, criminal sexual assault, or bodily injury to that other person or to that other person's family or household member is guilty of a Class 1 misdemeanor.
>
> B. A third or subsequent conviction occurring within five years of a conviction for an offense under this section or for a similar offense under the law of any other jurisdiction shall be a Class 6 felony.

(Emphasis added). Thus, to find appellant guilty of stalking, the Commonwealth was required to prove beyond a reasonable doubt that appellant knew, or reasonably should have known, that his conduct placed the victim in "reasonable fear of death, criminal sexual assault, or bodily injury" to either herself or a member of her family.

- 8 -

The victim testified at length that beginning in March 2008, appellant appeared uninvited at her home, followed her while she was driving, and repeatedly called her at work. The victim testified that appellant's behavior was preceded by two incidents in August 2007 where he followed her in his vehicle for miles and in one case, "yanked [her] clothes off." The victim further testified that the prosecution of one of these 2007 incidents was dismissed, while the other incident resulted in appellant's conviction for misdemeanor stalking and the publication of a protective order that prohibited him from contacting the victim for a period of two years. All of these incidents tended to show the relationship between appellant and the victim.

The trial court's stated purpose for allowing Jury Instruction 9 was that the evidence offered by the Commonwealth reasonably suggested a common scheme or plan that tended to prove appellant's knowledge, intent, and course of conduct and that would likely place the victim in fear or apprehension of death, criminal sexual assault, or bodily injury. Notably, in instructing the jury, the trial court issued a limiting instruction, instructing the jury that the fact that appellant had been convicted of stalking the victim and another woman in the past was not proof that he stalked the victim in 2008.

Thus, the issue before this Court is not whether the victim's testimony regarding the Fluvanna County incident was admissible; rather, it is whether the trial court's jury instruction regarding the stated purpose for which the jury could *consider* the victim's testimony regarding appellant's 2007 conduct was proper.[4] Appellant's actions in August 2007 were admissible "to prove any fact at issue," Spencer, 240 Va. at 89, 393 S.E.2d at 616 (citing Woodfin, 236 Va. at 95, 372 S.E.2d at 380-81; Scott, 228 Va. at 527, 323 S.E.2d at 577), and in the instant case, the

---

[4] We do not address whether the trial court erred in providing a jury instruction that failed to instruct the jury that the evidence of prior crimes could be considered *only* for the stated purposes, i.e., as evidence of appellant's intent, knowledge, and course of conduct. Appellant failed to raise this objection at trial, and as such, this Court cannot consider this issue for the first time on appeal. See Rule 5A:18.

- 9 -

Commonwealth was required to prove that appellant knew or reasonably should have known that his conduct in 2008 would reasonably frighten the victim pursuant to Code § 18.2-60.3. The August 2007 events, as described by the victim at trial, were pertinent to the jury's determination regarding whether or not appellant had motive and intent when he violated the protective order in 2008 and went to the victim's home, followed her in various vehicles, and called her repeatedly at work.

Additionally, under the unique circumstances of this case, it was not error for the jury to consider appellant's 2007 behavior and its similarity to appellant's 2008 behavior. Appellant's pursuit of the victim in his car in 2008 was comparable to the 2007 pursuits. Given that the victim had sought appellant's prosecution and the entry of a protective order after the 2007 events, there was evidence that appellant had notice that the victim would be frightened if he followed her in his vehicle. Accordingly, it was proper for the jury to consider appellant's past course of conduct and common behavior in the simple context of whether these prior malevolent actions reasonably tended to prove that appellant's behavior in the instant matter placed the victim in fear.

Upon a review of the record, we conclude that the trial court did not err in providing the jury with Jury Instruction 9, as appellant's 2007 prior conduct tended to prove that he knew or should have reasonably known that his 2008 conduct would reasonably cause the victim to fear bodily harm and that the jury instructions properly informed the jury for what specific purposes the victim's testimony could be considered.

For the above reasons, we affirm the trial court's conviction of appellant for criminal stalking, third or subsequent offense, in violation of Code § 18.2-60.3, and violating a protective order, in violation of Code § 18.2-60.4.

Affirmed.